# Exhibit 2

ANAPOL WEISS
BY: SOL H. WEISS, ESQUIRE
    JAMES R. RONCA, ESQUIRE
    GABRIELLE I. WEISS, ESQUIRE
PA I.D. Nos. 15925, 25631, & 325890
One Logan Square
130 N 18th Street, Suite 1600
Philadelphia, PA 19103
(215) 735-1130
sweiss@anapolweiss.com
jronca@anapolweiss.com
gweiss@anapolweiss.com

Filed and Attested by the
Office of Judicial Records
23 AUG 2023 11:07 am
E. HAURIN

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | COURT OF COMMON PLEAS |
| Plaintiff, | PHILADELPHIA COUNTY, PENNSLYVANIA |
| vs. | No. 23-0300411 |
| MARSH USA, LLC | |
| THERESE PERRETTE | |
| JOHN DOE DEFENDANTS # 1-2 | |
| Defendants. | |

## AMENDED CIVIL ACTION COMPLAINT

### NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 Market Street, 11th Floor
Philadelphia, PA 19107
TELEPHONE (215) 238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puese perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
1101 Market Street, 11th Piso
Filadelfia, Pennsylvania 19107
Telephono: (215) 238-6333

ANAPOL WEISS
BY: SOL H. WEISS, ESQUIRE
    JAMES R. RONCA, ESQUIRE
    GABRIELLE I. WEISS, ESQUIRE
PA I.D. Nos. 15925, 25631, & 325890
One Logan Square
130 N 18th Street, Suite 1600
Philadelphia, PA 19103
(215) 735-1130
sweiss@anapolweiss.com
jronca@anapolweiss.com
gweiss@anapolweiss.com              **ATTORNEYS FOR PLAINTIFF**

| | | |
|---|---|---|
| **VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED** | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PENNSLYVANIA |
| Plaintiff, | : | |
| | : | No. 23-0300411 |
| vs. | : | |
| | : | |
| **MARSH USA, LLC** | : | |
| | : | |
| **THERESE PERRETTE** | : | |
| | : | |
| **JOHN DOE DEFENDANTS # 1-2** | : | |
| | : | |
| Defendants. | : | |

## FIRST AMENDED COMPLAINT

    Plaintiff, Victoria Evanoff, Administrator of the Estate of John Evanoff, Deceased ("Plaintiff"), asserts claims for negligence, corporate negligence, vicarious liability, wrongful death, and survival against each of the Defendants, and in support thereof avers as follows:

## INTRODUCTION

    This case stems from the death of John Evanoff ("Decedent"), a Refinery Attendant at East Penn Manufacturing Company, Inc. ("East Penn"), who tragically fell into a smelter kettle that failed to include requisite safety precautions. Upon information and belief, Decedent's death was

Case ID: 230300411

preventable if Defendants had properly inspected and identified obvious safety risks in and around the smelter kettle at East Penn's facilities. This was exactly the work East Penn paid them to perform. Instead, Defendants missed glaring safety issues that would have prevented the 30 year old husband and father from falling into the smelter kettle filled with molten lead. Plaintiff brings this case to recover damages from the loss of her husband's life.

## THE PARTIES

1.  Plaintiff, Victoria Evanoff is an adult individual and widow of John Evanoff, deceased. On September 20, 2022, the Berks County Register of Wills appointed Victoria as administrator of the estate of her husband, John Evanoff, who tragically died on March 6, 2021. Plaintiff currently resides at 236 E. Elm Street in Shillington, Pennsylvania 19607. A copy of the Letters of Administration is attached hereto as Exhibit A.

2.  Based on information provided to Plaintiff from East Penn, Defendant, Marsh USA, LLC ("Marsh") was hired by East Penn in 2018 to inspect its premises to assess risks, identify any safety hazards or issues, and provide safety information to East Penn to comply with all requisite governmental and other safety standards to ensure the safety of East Penn's employees in the performance of their job duties, as well as the safety of any licensee or invitee visiting East Penn's premises. Defendant Marsh's global safety assessment is a systematic, data-oriented approach to support achievement of company social and risk management goals. Upon information and belief, Defendant, Marsh USA, LLC is a Delaware corporation with its principal place of business located at 1166 Avenue of the Americas, New York, NY 10036. Upon information and belief, Defendant Marsh's registered agent is the Corporation Trust Company with an address of 1209 Orange Street in Wilmington, Delaware 19801.

Case ID: 230300411

3.  Upon information and belief, the Defendant Marsh regularly conduct business in the Commonwealth of Pennsylvania and have an office at 1717 Arch Street, Suite #1100 in Philadelphia, Pennsylvania 19103.

4.  Upon information and belief, at all relevant times hereto, Defendant Marsh owned and were engaged in the ownership, operation and/or management of safety inspection and audit companies, or procured inspection services through subsidiary, affiliated, related or independents contractor companies which provide inspection services for facilities within the Commonwealth of Pennsylvania, holding themselves out to the public as competent and skillful in safety audits and inspection, and which are directly and vicariously liable for the acts and omissions of themselves and all other named Defendants for which Marsh Defendants own, operate, and manage.

5.  Based on information provided to Plaintiff from East Penn and reasonable investigation by Plaintiff's counsel from publicly available information, Defendant, Therese Perrette was an employee and/or agent working for Marsh Defendants providing inspection services for facilities within the Commonwealth of Pennsylvania. Upon information and belief, at all relevant times Defendant, Therese Perrette was a Senior Vice President in Marsh's Risk Consulting, Workforce Strategies Practice. Upon information and belief, Defendant, Therese Perrette performed a safety inspection and/or audit of East Penn's facilities in 2018. Upon information and belief, Defendant, Therese Perrette's address is 32 Meadow Run Drive in Skillman, New Jersey, 08558. Based on information from East Penn, Defendant, Therese Perrette's phone number is 973-723-4328 and her email address is therese.parrette@marsh.com.

6.  John Doe #1 is a person associated with Defendant Marsh who performed the audit and/or inspection of East Penn's facilities between 2015 and 2021 but who could not be identified

Case ID: 230300411

with reasonable investigation based on information from East Penn and independent research performed by Plaintiff's counsel. Based on information and belief, between 2015 and the date of the incident, John Doe #1 preformed or was responsible for safety inspections, safety audits, and hazard analyses for third party entities with a duty to identify hazards like the fall risk around the subject smelter kettle and report those hazards to East Penn with recommendations to cure the hazards by safety modifications at the site. Based on information and belief, John Doe #1 performed those functions in a manner that did not meet the standard of care. Despite extensive investigation, including multiple requests for information to East Penn and acquisition of the OSHA investigation report, the information Plaintiff currently has is insufficient to determine if Defendants Marsh and Therese Perrette are the full and correct names and identities of the responsible Defendants. To the extent the true identities of the responsible parties become apparent in discovery and those identities differ than those named as Defendants in the instant action, Plaintiff will amend her Complaint to name the proper Defendants.

7. John Doe # a corporation, partnership, subsidiary, other legal entity or contractor associated with Marsh Defendants who performed the audit and/or inspection of East Penn's facilities between 2015 and 2021 but who could not be identified with reasonable investigation based on information from East Penn and independent research performed by Plaintiff's counsel. Based on information and belief, between 2015 and the date of the incident, John Doe #2 performed or was responsible for safety inspections, safety audits, and hazard analyses for third party entities with a duty to identify hazards like the fall risk around the subject smelter kettle and report those hazards to East Penn with recommendations to cure the hazards by safety modifications at the site. Based on information and belief, John Doe #2 performed those functions in a manner that did not meet the standard of care. Despite extensive investigation, including

Case ID: 230300411

multiple requests for information to East Penn and acquisition of the OSHA investigation report, the information Plaintiff currently has is insufficient to determine if Defendants Marsh and Therese Perrette are the full and correct names and identities of the responsible Defendants. To the extent the true identities of the responsible parties become apparent in discovery and those identities differ than those named as Defendants in the instant action, Plaintiff will amend her Complaint to name the proper Defendants.

**JURISDICTION AND VENUE**

8.   Upon information and belief, Defendants inspected the smelter kettle that Decedent, John Evanoff was using at the time of the accident described below.

9.   Because Defendants do business in the Commonwealth of Pennsylvania, they knew or should have known that they were subject to the jurisdiction of this Court in the event that their actions or inactions caused harm to others, including Decedent.

10. Because of Defendants' continuous and substantial business dealings in Philadelphia County, they are subject to jurisdiction in Pennsylvania and venue is proper in Philadelphia County.

**GENERAL ALLEGATIONS**

A.  **The Smelting Process**

11. At all relevant times, Decedent worked at East Penn as a Refinery Attendant in the smelter department.

12. East Penn manufactures automotive batteries.

13. In the course and scope of his work responsibilities, Decedent was required to load lead from a heating furnace to a large smelter kettle as part of the smelting process.

6

14. The smelting kettles are large vessels that are recessed into the floor and are approximately eight feet in diameter and 6.25 feet deep.

15. As part of the smelting process, molten lead is often excreted from the top of the smelter kettle and collects on the sides of the kettle and on the floor next to the kettle.

16. This lead eventually solidifies and needs to be cleaned or removed, often with a shovel, pry bar, or air hammer.

17. When the lead is removed, it is typically placed back into the smelter kettle.

18. Sometimes the solidified lead can be picked up by hand, and sometimes a forklift is used if the pieces are too large to lift manually.

19. Once lifted, the solidified lead is then typically placed back into the smelter through and opening in the lid of the smelter.

20. The opening of the lid of the smelter is approximately four feet in diameter.

21. Employees sometimes step up onto the lid of the smelter to load the lead through the opening.

**B.  The March 6, 2021 Accident**

22. On the evening of March 6, 2021, Decedent was working to load lead from a heating furnace to a large kettle as part of the smelting process.

23. In typical fashion, molten lead was emitted from the top of the smelter kettle and collected on the floor next to the kettle.

24. Because this was a large piece of solidified lead, Decedent required a forklift to lift the lead and place it in the smelter opening.

25. The forklift was positioned so that the piece of lead could be dropped through the opening in the lid of the smelter.

Case ID: 230300411

26. Decedent and another employee stepped onto the lid of the smelter to help facilitate loading the piece of lead into the smelter.

27. While facilitating the piece of lead through the opening in the lid, Decedent tragically fell through the lid opening and into the molten lead at the bottom of the kettle.

28. Decedent suffered excruciating pain and suffering prior to his death.

29. Decedent sustained fatal injuries as a result of the fall.

**C. <u>Identified Safety Violations</u>**

30. On July 30, 2021, OSHA completed its report about the events of March 6, 2021.

31. OSHA's investigation revealed the following hazards: 1) the kettle hood was removed from the smelter, exposing employees to fall hazards without requisite fall protection safeguards; and 2) there was a reach to a step that was 24 inches from the floor.

32. OSHA requires employees exposed to fall hazards in their employment to be protected from falling through any hole that is four feet or more above a lower level by one or more of the following: A) covers; B) guardrail systems; C) travel restrain systems; or D) personal fall arrest systems. *See* 29 CFR 1910.28(b)(3)(i).

33. Upon information and belief, none of these protections were in place when Decedent was loading lead into the kettle on March 6, 2021.

34. OSHA requires employees exposed to fall hazards in their employment who are four feet or more above dangerous equipment to be protected by one or more of the following: A) covers; B) guardrail systems; C) travel restrain systems; or D) personal fall arrest systems. *See* 29 CFR 1910.28(b)(3)(i).

35. Upon information and belief, none of these protections were in place when Decedent was loading lead into the kettle on March 6, 2021.

Case ID: 230300411

36. OSHA requires employers to provide, and ensure each employee uses, a safe means of access and egress to and from walking-working surfaces. *See* 29 CFR 1910.22(c).

37. Upon information and belief, Decedent's employer neither provided nor ensured he and others used a safe means of accessing the smelter kettle given the 24 inches Decedent had to step up to reach the kettle.

**D. Defendants' Failure to Properly Inspect East Penn's Smelter Kettle for Obvious Safety Hazards**

38. Upon information and belief, given the dangerous nature of the work, facilities that smelter metals routinely perform safety audits of their facilities outside of required OSHA inspections.

39. Upon information and belief, some of many purposes of routine safety audits include ensuring OSHA compliance, identifying known safety hazards, and proposing solutions for curing any potential OSHA violations or other identified safety hazards.

40. Upon information and belief, safety audits can be performed both internally and externally with a third-party inspection company.

41. Upon information and belief, East Penn hired Defendants Marsh and Therese Perrette, an external third-party inspection company, to perform safety audits of its facility.

42. Upon information and belief, safety audits of East Penn's facility included inspection of the smelter kettles.

43. Upon information and belief, Defendants Marsh and Therese Perrette performed safety audits of the smelter kettles prior to the tragic accident on March 6, 2021.

44. Upon information and belief, Defendants Marsh and Therese Perrette missed the glaring safety violations that would have prevented Decedent's death.

9

Case ID: 230300411

45. Upon information and belief, Defendants Marsh and Therese Perrette failed to recommend feasible and necessary remedial actions to be taken to remedy the glaring safety violations that would have prevented Decedent's death.

46. The injuries and resulting death of John Evanoff, Deceased were caused solely and exclusively by the negligence of the Defendants and were due in no manner whatsoever to any act or failure to act on the part of the Decedent.

## COUNT I – NEGLIGENCE

**PLAINTIFF, VICTORIA EVANOFF AS ADMINISTRATOR OF THE ESTATE OF JOHN EVANOFF, DECEASED v. DEFENDANTS THERESE PERRETTE AND JOHN DOE DEFENDANT #1**

47. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

48. Under Pennsylvania law, Defendants had a duty running to the Decedent to use due care in its safety inspection activities of the smelter kettle involved in Decedent's death on March 6, 2021.

49. The aforesaid accident and resulting injuries and damages sustained by Plaintiff were caused as a direct and proximate result of the negligence and other liability producing conduct of the Defendants, their agents, servants and/or employees, which consisted of the following:

(a)     Inspecting the smelter kettle, which resulted in Decedent's death and failing to find or note the obvious fall risk and lack of fall protection;

(b)     Failing to inform East Penn of obvious safety violations of the smelter regarding the 24 inch step up required to reach the top of the lid;

(c)     Failing to inform East Penn of obvious safety violations of the smelter regarding the obvious fall risk and lack of fall protection;

(d)     Undertaking the duty to inspect the smelter kettle for safety hazards and

10

failing find or note the obvious fall risk and lack of fall protection;

(e)   Failing to warn East Penn of the dangerous condition of the smelter kettle;

(f)   Ignoring the hazardous condition of the area around the smelter kettle involved in the Decedent's death;

(g)   Failing to recommend necessary and feasible remedial actions to be taken to make the smelter kettle safe for the Decedent's and other workers' use including:

1. covers for the smelter kettle;

2. guardrail systems;

3. travel restrain systems; and/or

4. personal fall arrest systems.

(h)   Failing to recognize that the smelter kettle involved in the Decedent's death was in violation of the OSHA regulations for the safety of the Decedent as set forth above.

50. The Defendants' failure to recognize and appreciate the dangerous condition of the smelter kettle involved in Decedent's death represents negligence to the safety of Decedent and other refinery attendants working in the area of the smelter kettle.

WHEREFORE, Plaintiff, Victoria Evanoff, as the duly appointed Administrator of the Estate of John Evanoff, deceased, demands judgment against all Defendants, jointly and severally, in an amount in excess of local arbitration limits and in excess of fifty thousand dollars ($50,000.00), exclusive of pre-judgment interest, post-judgment interest, and costs.

Case ID: 230300411

## COUNT II – CORPORATE NEGLIGENCE

## PLAINTIFF, VICTORIA EVANOFF AS ADMINISTRATOR OF THE ESTATE OF JOHN EVANOFF, DECEASED v. MARSH USA, LLC AND JOHN DOE DEFENDANT # 2

51. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

52. Under Pennsylvania law, Defendants had a duty running to the Decedent to use due care in its safety inspection activities of the smelter kettle involved in Decedent's death on March 6, 2021.

53. The aforesaid accident and resulting injuries and damages sustained by Plaintiff were caused as a direct and proximate result of the negligence and other liability producing conduct of the Defendants, their agents, servants and/or employees, which consisted of the following:

(a) Inspecting the smelter kettle, which resulted in Decedent's death and failing to find or note the obvious fall risk and lack of fall protection;

(b) Insufficient training employees and agents, which resulted in Decedent's death and failing to find or note the obvious fall risk and lack of fall protection;

(c) Deficient inspection protocols, which resulted in Decedent's death and failing to find or note the obvious fall risk and lack of fall protection; to Failing to inform East Penn of obvious safety violations of the smelter regarding the 24 inch step up required to reach the top of the lid;

(d) Negligent hiring, which resulted in Decedent's death and failing to find or note the obvious fall risk and lack of fall protection;

(e) Missing obvious safety hazards, which resulted in Decedent's death and

12

failing to find or note the obvious fall risk and lack of fall protection;

(f)   Failing to inform East Penn of obvious safety violations of the smelter regarding the obvious fall risk and lack of fall protection;

(g)   Undertaking the duty to inspect the smelter kettle for safety hazards and failing find or note the obvious fall risk and lack of fall protection;

(h)   Failing to warn East Penn of the dangerous condition of the smelter kettle;

(i)   Ignoring the hazardous condition of the area around the smelter kettle involved in the Decedent's death;

(j)   Employing agents and employees who were not qualified by training and experience to competently perform a safety inspection of the smelter kettle involved in the Decedent's death.

(k)   Failing to recommend necessary and feasible remedial actions to be taken to make the smelter kettle safe for the Decedent's and other workers' use including:

1. covers for the smelter kettle;

2. guardrail systems;

3. travel restrain systems; and/or

4. personal fall arrest systems.

(l)   Failing to recognize that the smelter kettle involved in the Decedent's death was in violation of the OSHA regulations for the safety of the Decedent as set forth above.

54. The Defendants' failure to recognize and appreciate the dangerous condition of the smelter kettle involved in Decedent's death represents negligence to the safety of Decedent and

Case ID: 230300411

other refinery attendants working in the area of the smelter kettle.

WHEREFORE, Plaintiff, Victoria Evanoff, as the duly appointed Administrator of the Estate of John Evanoff, deceased, demands judgment against all Defendants, jointly and severally, in an amount in excess of local arbitration limits and in excess of fifty thousand dollars ($50,000.00), exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT III – VICARIOUS LIABILITY

### PLAINTIF, VICTORIA EVANOFF AS ADMINISTRATOR OF THE ESTATE OF JOHN EVANOFF V. MARSH USA, LLC AND <u>JOHN DOE DEFENDANT #2</u>

55. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

56. At all relevant times hereto, Defendants, Marsh USA, LLC and John Doe Defendant #2 employed and/or contracted with inspectors for the purposes of inspecting East Penn's premises, including the area in and around the smelter kettle, in order to assess risks, identify any safety hazards or issues, and provide safety information to East Penn to comply with all requisite governmental safety standards to ensure the safety of East Penn's employees in the performance of their job duties, as well as the safety of any licensee or invitee visiting East Penn's premises.

57. At all relevant times hereto, the employees and/or contractors employed Defendants, Marsh USA, LLC and John Doe Defendant #2 were acting as agents, servants, or employees of Defendants in the course and scope of their employment.

58. Accordingly, Defendants are vicariously liable for any negligence of these agents, servants, and employees under the theory of agency and respondeat superior.

59. Defendants' agents, servants, and employees negligently breached their duties owed to Plaintiff's Decedent in the following manner:

Case ID: 230300411

a) Inspecting the smelter kettle, which resulted in Decedent's death and failing to find or note the obvious fall risk and lack of fall protection;

b) Failing to inform East Penn of obvious safety violations of the smelter regarding the 24 inch step up required to reach the top of the lid;

c) Failing to inform East Penn of obvious safety violations of the smelter regarding the obvious fall risk and lack of fall protection;

d) Undertaking the duty to inspect the smelter kettle for safety hazards and failing find or note the obvious fall risk and lack of fall protection;

e) Failing to warn East Penn of the dangerous condition of the smelter kettle;

f) Ignoring the hazardous condition of the area around the smelter kettle involved in the Decedent's death;

g) Employing agents and employees who were not qualified by training and experience to competently perform a safety inspection of the smelter kettle involved in the Decedent's death.

h) Failing to recommend necessary and feasible remedial actions to be taken to make the smelter kettle safe for the Decedent's and other workers' use including:

      1. covers for the smelter kettle;

      2. guardrail systems;

      3. travel restrain systems; and/or

      4. personal fall arrest systems.

i) Failing to recognize that the smelter kettle involved in the Decedent's death was in violation of the OSHA regulations for the safety of the Decedent as set forth above.

Case ID: 230300411

60. As a direct and proximate result of the negligent acts and omissions of Defendants' agents, servants, and employees, as set forth above, Decedent fell into the smelter kettle resulting in his death.

61. Defendants are vicariously liable for the negligent, grossly negligent acts and omissions of Defendants' agents, servants, and employees, as set forth above, and therefore for the damages claimed herein.

WHEREFORE, Victoria Evanoff, as the duly appointed Administrator of the Estate of John Evanoff, deceased, demand judgment against all Defendants, jointly and severally, in an amount in excess of local arbitration limits and in excess of fifty thousand dollars ($50,000.00), exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT IV – WRONGFUL DEATH

### PLAINTIFF, VICTORIA EVANOFF AS ADMINISTRATOR OF THE ESTATE OF JOHN EVANOFF, DECEASED V. ALL DEFENDANTS

62. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

63. Plaintiff, Victoria Evanoff, as the duly appointed Administrator of the Estate of John Evanoff, deceased, brings this Wrongful Death Action on behalf of the Estate of John Evanoff, deceased under and by virtue of the Wrongful Death Act, 42 Pa. C. S. A. § 8301, the applicable Rules of Civil Procedure, and decisional law interpreting this Act.

64. Decedent left surviving as his statutory heirs-at-law entitled to recover for damages under the Wrongful Death Act, 42 Pa. C. S. A. § 8301, his wife, Victoria Evanoff and his son, Grayson Wayne Evanoff both residing at 236 E. Elm Street, Shillington, PA 19607. Said beneficiaries have been duly informed of the institution of this action.

Case ID: 230300411

65. The negligence of the Defendants caused severe and catastrophic injuries to Decedent that resulted in his death, entitling the above-named beneficiaries to damages under the Wrongful Death Act.

66. Plaintiff, Victoria Evanoff, as the duly appointed Administrator of the Estate of John Evanoff, deceased claims all damages and losses recoverable under the Wrongful Death Act and the decisional law interpreting this Act.

WHEREFORE, Plaintiff, Victoria Evanoff, as the duly appointed Administrator of the Estate of John Evanoff, deceased, demands judgment against all Defendants, jointly and severally, in an amount in excess of local arbitration limits and in excess of fifty thousand dollars ($50,000.00), exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT V – SURVIVAL ACTION

### PLAINTIFF, VICTORIA EVANOFF AS ADMINISTRATOR OF THE ESTATE OF JOHN EVANOFF V. ALL DEFENDANTS

67. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

68. Plaintiff, Plaintiff, Victoria Evanoff, as the duly appointed Administrator of the Estate of John Evanoff, deceased, brings this Survival Action on behalf of the beneficiaries of the Estate of John Evanoff  deceased under and by virtue of the Survival Act, 42 Pa. C.S.A. § 8302, the applicable Rules of Civil Procedure, and decisional law interpreting this Act.

69. The persons entitled to the Estate of John Evanoff, deceased, are his wife, Victoria Evanoff and son, Grayson Wayne Evanoff both residing at 236 E. Elm Street, Shillington, PA 19607.

70. The negligence of Defendants caused severe injuries to Decedent that resulted in his death, entitling the above-named beneficiaries to damages under the Survival Act.

17

Case ID: 230300411

71. On behalf of the Estate of John Evanoff, Victoria Evanoff as the duly appointed Administrator of the Estate, claims all damages and losses recoverable under the Survival Act, 42 Pa. C.S.A. § 8302, and the decisional law interpreting this Act.

WHEREFORE, Victoria Evanoff, as the duly appointed Administrator of the Estate of John Evanoff, deceased, demand judgment against all Defendants, jointly and severally, in an amount in excess of local arbitration limits and in excess of fifty thousand dollars ($50,000.00), exclusive of pre-judgment interest, post-judgment interest, and costs.

## PRAYER FOR RELIEF

Plaintiff, Victoria Evanoff, as Administrator of the Estate of John Evanoff, requests the Court to enter judgment against the Defendants as follows:

A.      An award to Plaintiff of compensatory damages, costs and disbursements in this action, including reasonable attorneys' fees, as permitted by law;

B.      An award of pre-judgment and post-judgment interest, as provided by law;

C.      Leave to amend this Complaint to conform to the evidence produced at trial; and

D.      Such other relief as may be appropriate under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Case ID: 230300411

Dated: August 23, 2023

**ANAPOL WEISS**

_[signature]_

Sol H. Weiss  (PA# 15925)
James R. Ronca (PA #25631)
Gabrielle I. Weiss (PA # 325890)
130 N. 18th Street – Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130
Fax: (215) 875-7701
sweiss@anapolweiss.com
jronca@anapolweiss.com
gweiss@anapolweiss.com

*Attorneys for Plaintiff, Victoria Evanoff, as Administrator of the Estate of John Evanoff, Deceased*

Case ID: 230300411

## <u>VERIFICATION</u>

I, Sol H. Weiss, Esquire, hereby verify that I am counsel for the Plaintiff in this action, and I verify the averments contained in this Civil Action Complaint are true and correct to the best of my knowledge information and belief, based on my personal knowledge, materials reviewed and upon my conversations with my client. I understand that this Verification is made subject to the penalties of 18 Pa C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Sol H. Weiss, Esquire

Dated: August 23, 2023