# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED : <br>                         Plaintiff, <br>   vs. <br> MARSH USA, LLC, <br> THERESE PERRETTE, and <br> JOHN DOE DEFENDANTS # 1-2 <br>                         Defendants. | CIVIL ACTION <br><br> No. 5:23-cv-03417-JFL |

## DEFENDANTS MARSH USA, LLC AND THERESE PERRETTE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Marsh USA, LLC ("Marsh USA") and Therese Perrette (together with Marsh USA, the "Marsh Defendants"), hereby submit the following Answer with Affirmative Defenses to the First Amended Complaint of Plaintiff Victoria Evanoff ("Plaintiff"), as Administrator of the Estate of John Evanoff, deceased ("Decedent"), and in support thereof, aver as follows:

### INTRODUCTION

The Marsh Defendants answer the numbered paragraphs in Plaintiff's Amended Complaint as set forth below. To the extent that any of the statements in the Introduction section or any of the un-numbered headings in the Amended Complaint can be construed as allegations requiring a response, the Marsh Defendants deny them.

### THE PARTIES

1. Admitted in part; denied in part. It is admitted upon information and belief that Plaintiff is a resident of the Commonwealth of Pennsylvania, with an address at 236 E. Elm Street, Shillington, Pennsylvania 19607. After reasonable investigation, the Marsh Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph, and they are therefore denied.

2. Admitted in part; denied in part. It is admitted that Marsh USA's registered agent is the Corporation Trust Company, with an address at the Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 and that Marsh USA has a principal place of business located at 1166 Avenue of the Americas, New York, New York 10036. The remaining allegations in this paragraph are denied. By way of further Answer, Marsh USA is a Delaware limited liability company. Marsh USA entered into a written Statement of Work with East Penn in or about January 2019 (the "Statement of Work"), which sets forth the exclusive terms and conditions of Marsh USA's performance of a loss prevention and risk management analysis for East Penn. A true and correct copy of Statement of Work is attached hereto as **Exhibit A**. Defendant Therese Perrette is an employee of Marsh USA and, at all relevant times, was acting in the course and scope of her employment with Marsh USA, with regard to performance under the Statement of Work. The Statement of Work is therefore the only contract or agreement between Marsh USA and East Penn that pertains to Plaintiff's claims against the Marsh Defendants in this action.

3. Admitted in part; denied in part. It is admitted that Marsh USA maintains an office address located at 1717 Arch Street, Suite 1100, Philadelphia, PA 19103. The remaining allegations in this paragraph state conclusions of law to which the Marsh Defendants are not required to respond. To the extent that a response is required, the allegations are denied.

4. Denied. The averments in this paragraph lack sufficient particularity with regard to the identity or meaning of "safety inspection and audit companies" or "subsidiary, affiliated, related or independents contractor companies" for the Marsh Defendants to form a belief as to the truth of the averments in this paragraph, and they are therefore denied. The remaining allegations

in this paragraph state a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that remaining allegations in this paragraph contain factual statements requiring a response, the allegations are denied.

5. Admitted in part; denied in part. It is admitted that the stated address, phone number, and email address of Therese Perrette in this paragraph are correct. It is admitted that Ms. Perrette was employed as a Senior Vice President of Marsh USA at all relevant times. Marsh Risk Consulting is a division of Marsh USA. The services performed by Ms. Perrette for any given client differ based upon the nature of the engagement and/or scope of work entered into with that particular client. It is denied that Ms. Perrette performed a safety inspection and/or audit of East Penn's facilities in 2018. The January 2019 Statement of Work made by and between Marsh USA and East Penn is a written document that speaks for itself and any mischaracterizations thereof by Plaintiff are denied. The remaining allegations in this paragraph are denied.

6. Denied. The averments in this paragraph lack sufficient particularity with regard to the identity of "John Doe #1" for the Marsh Defendants to form a belief as to the truth of the averments in this paragraph, and they are therefore denied. The remaining allegations in this paragraph are denied.

7. Denied. The averments in this paragraph lack sufficient particularity with regard to the identity of "John Doe #[2]" for the Marsh Defendants to form a belief as to the truth of the averments in this paragraph, and they are therefore denied. The remaining allegations in this paragraph are denied.

## JURISDICTION AND VENUE

8. Denied.

9. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that this paragraph contains factual averments requiring a response, the allegations are denied.

10. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that this paragraph contains factual averments requiring a response, the allegations are denied.

GENERAL ALLEGATIONS

11. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

12. Admitted.

13. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

14. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

15. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

16. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

17. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

18. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

19. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

20. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

21. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

22. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

23. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

24. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

25. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

26. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

27. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

28. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

29. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

30. Denied. The OSHA report is a written document that speaks for itself and any mischaracterizations thereof by Plaintiff are denied.

31. Denied. The OSHA report is a written document that speaks for itself and any mischaracterizations thereof by Plaintiff are denied.

32. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that a response is required, OSHA regulations are a writing that speaks for itself, and any mischaracterizations thereof by Plaintiff are denied.

33. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

34. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that a response is required, OSHA regulations are a writing that speaks for itself, and any mischaracterizations thereof by Plaintiff are denied.

35. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

36. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that a response is required, OSHA regulations are a writing that speaks for itself, and any mischaracterizations thereof by Plaintiff are denied.

37. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

38. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

39. Denied.

40. Denied. This paragraph lacks sufficient particularity for the Marsh Defendants to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

41. Denied. By way of further answer, the January 2019 Statement of Work was made by and between East Penn and Marsh USA. The January 2019 Statement of Work is a written document that speaks for itself and any mischaracterizations thereof by Plaintiff are denied. Further, any reports or assessments prepared by Marsh USA in connection with East Penn are writings that speak for themselves and any mischaracterizations thereof by Plaintiff are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT I – NEGLIGENCE
*Plaintiff*
*v.*
*Defendants Therese Perrette and John Doe Defendant #1*

47. The Marsh Defendants incorporate by reference the previous paragraphs of this Answer as though set forth at length herein.

48. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that this paragraph contains factual averments requiring a response, the allegations are denied.

49. Denied.

50. Denied.

**WHEREFORE**, the Marsh Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff together with interest, costs, and any other relief this Honorable Court deems appropriate and just.

COUNT II – CORPORATE NEGLIGENCE
*Plaintiff*
*v.*
*Marsh USA and John Doe Defendant #2*

51. The Marsh Defendants incorporate by reference the previous paragraphs of this Answer as though set forth at length herein.

52. Denied.

53. Denied.

54. Denied.

**WHEREFORE**, the Marsh Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff together with interest, costs, and any other relief this Honorable Court deems appropriate and just.

COUNT III – VICARIOUS LIABILITY
*Plaintiff*
*v.*
*Marsh USA and John Doe Defendant #2*

55. The Marsh Defendants incorporate by reference the previous paragraphs of this Answer as though set forth at length herein.

56. Denied.

57. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that this paragraph contains factual averments requiring a response, this paragraph lacks sufficient particularity for the Marsh Defendants to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

58. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that this paragraph contains factual averments requiring a response, the allegations are denied.

59. Denied.

60. Denied.

61. Denied.

**WHEREFORE**, the Marsh Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff together with interest, costs, and any other relief this Honorable Court deems appropriate and just.

COUNT IV – WRONGFUL DEATH
*Plaintiff*
*v.*
*All Defendants*

62. The Marsh Defendants incorporate by reference the previous paragraphs of this Answer as though set forth at length herein.

63. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that this paragraph contains factual averments requiring a response, they are denied.

64. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

65. Denied.

66. Denied.

**WHEREFORE**, the Marsh Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff together with interest, costs, and any other relief this Honorable Court deems appropriate and just.

## COUNT V – SURVIVAL ACTION
*Plaintiff*
*v.*
*All Defendants*

67. The Marsh Defendants incorporate by reference the previous paragraphs of this Answer as though set forth at length herein.

68. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that this paragraph contains factual averments requiring a response, they are denied.

69. Denied. The Marsh Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and they are therefore denied.

70. Denied.

71. Denied. This paragraph states a conclusion of law to which the Marsh Defendants are not required to respond. To the extent that this paragraph contains factual averments requiring a response, they are denied.

**WHEREFORE**, the Marsh Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff together with interest, costs, and any other relief this Honorable Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's Amended Complaint fails to set forth facts that are sufficient to support a claim for Negligence, Corporate Negligence, Vicarious Liability, Wrongful Death, or Survival Action against the Marsh Defendants.

### Third Affirmative Defense

Plaintiff's Amended Complaint is barred or otherwise limited by the applicable Statute of Limitations and/or Statute of Repose, the relevant portions of which are incorporated herein by reference.

### Fourth Affirmative Defense

Plaintiff's action may be barred by the doctrines of laches, estoppel, unclean hands, waiver, res judicata, pendency of a prior and/or subsequent action, accord and satisfaction, payment and release, abandonment, and/or settlement.

### Fifth Affirmative Defense

Plaintiff's action may be barred by the gist of the action doctrine and/or the economic loss doctrine.

### Sixth Affirmative Defense

Plaintiff's action is barred by the doctrine of assumption of the risk.

### Seventh Affirmative Defense

Plaintiff's action is barred due to the absence of causation between any act or omission of the Marsh Defendants and any alleged loss sustained by Plaintiff.

**Eighth Affirmative Defense**

Neither the Marsh Defendants nor any other person affiliated with the Marsh Defendants engaged in any act or omission giving rise to liability.

**Ninth Affirmative Defense**

While denying liability on the part of Marsh USA, or any other related entity, the Marsh Defendants aver that Therese Perrette is not liable individually for any acts or omissions of other persons acting by or on behalf of Marsh USA.

**Tenth Affirmative Defense**

The Decedent may have been negligent with respect to the happenings alleged in the Amended Complaint, and this negligence may serve to bar or limit any recovery of Plaintiff.

**Eleventh Affirmative Defense**

The Decedent may have been negligent in his use or failure to use appropriate safety equipment or to follow appropriate procedures in connection with the incident described in the Amended Complaint, including the failure to use an available safety harness, to use a forklift to load lead into the smelter kettle, or to break down the lead he was facilitating into the smelter kettle away from the lid of the smelter kettle so as to avoid the risk of injury.

**Twelfth Affirmative Defense**

Plaintiff's claims are or may be barred by the contributory negligence or comparative fault of Decedent.

**Thirteenth Affirmative Defense**

Plaintiff's claims are or may be barred to the extent that the Decedent caused or contributed to the happenings in the Amended Complaint through his own acts or omissions.

**Fourteenth Affirmative Defense**

The Marsh Defendants did not have any contractual relationship with Plaintiff or Decedent, whether express or implied.

**Fifteenth Affirmative Defense**

Plaintiff's action is barred by the absence of privity between the Marsh Defendants and Decedent and/or Plaintiff.

**Sixteenth Affirmative Defense**

The Marsh Defendants did not owe any duty of care to East Penn, Plaintiff, or Decedent, whether express or implied.

**Seventeenth Affirmative Defense**

The Marsh Defendants did not breach any legal duty to East Penn, Plaintiff, or Decedent.

**Eighteenth Affirmative Defense**

Plaintiff's claims are or may be barred or limited by contract or written agreement, including the January 2019 Statement of Work between Marsh USA and East Penn.

**Nineteenth Affirmative Defense**

Plaintiff's alleged damages are speculative and, as a result, not actionable.

**Twentieth Affirmative Defense**

Plaintiff has sustained no cognizable legal injury, loss, or damages from any act or omission of the Marsh Defendants, and the Marsh Defendants deny all claims for damages.

**Twenty-First Affirmative Defense**

If the allegations of Plaintiff with respect to the injury, loss, or damage are true, said allegations being specifically denied by the Marsh Defendants, then the Marsh Defendants aver that the injury, loss, or damage was not the result of liability producing conduct on the part of the Marsh Defendants, but rather the result of liability producing conduct of other entities and/or

individuals who may or may not be parties to this lawsuit and over whom the Marsh Defendants had no control or right or duty to control.

### Twenty-Second Affirmative Defense

The acts and/or omissions of other individuals or entities constitute intervening and/or superseding causes of the injuries and/or losses alleged in the Amended Complaint.

### Twenty-Third Affirmative Defense

The Marsh Defendants are entitled to contribution and/or indemnification, or an apportionment of liability, against any other parties or non-parties whose negligence or other conduct caused or contributed to the injury or loss alleged in the Amended Complaint.

### Twenty-Fourth Affirmative Defense

Plaintiff is not entitled to attorneys' fees, prejudgment interest, or costs.

### Twenty-Fifth Affirmative Defense

The Marsh Defendants reserve the right to assert any other affirmative defenses, cross-claims, and/or third party claims by way of amended answer or otherwise that may be identified based upon further investigation or discovery.

**WHEREFORE**, the Marsh Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff together with interest, costs, and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

Dated: September 13, 2023                    **GOLDBERG SEGALLA LLP**


                                             */s/ Michael P. Luongo*
                                             Michael P. Luongo, Esq. (PA I.D. No. 311948)
                                             Jason S. Kaner, Esq. (PA I.D. No. 327891)
                                             1700 Market Street, Suite 1418
                                             Philadelphia, PA 19103
                                             T: 267.519.6852
                                             F: 267.519.6801
                                             mluongo@goldbergsegalla.com
                                             jkaner@goldbergsegalla.com

                                             *Attorneys for Defendants*
                                             *Marsh USA, LLC and Therese Perrette*

## **CERTIFICATE OF SERVICE**

I, Michael P. Luongo, hereby certify that, on the date below, a true and correct copy of the foregoing Answer to Plaintiff's Amended Complaint was served on all counsel of record via the Court's ECF system.

                                                */s/ Michael P. Luongo*
                                                Michael P. Luongo, Esq.

Dated: September 13, 2023