# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED<br>    Plaintiff,<br><br>  vs.<br><br>MARSH USA, LLC,<br><br>THERESE PERRETTE, and<br><br>JOHN DOE DEFENDANTS # 1-2<br><br>    Defendants. | : CIVIL ACTION<br>:<br>: No. 5:23-cv-03417-JFL<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Plaintiff, Victoria Evanoff, as Administrator of the Estate of John Evanoff, Deceased, by and through her attorneys, Anapol Weiss, hereby submits the following disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1).

**PRELIMINARY STATEMENT**

Plaintiff makes these disclosures based on the information presently known and reasonably available to her as of the date served. Plaintiff makes the following disclosures without waiving her right to supplement these disclosures to include information that becomes available to her at a later date. In making these disclosures, Plaintiff does not represent that she is identifying every individual, document or tangible thing upon which she may rely to support her claims. Plaintiff does not waive her right to object to production or to the use in this proceeding of any document or tangible thing on the basis of any valid privilege, including the attorney-client privilege and/or the work product doctrine, or any other valid objection. Plaintiff reserves her right to amend or

supplement these Initial Disclosures, including removing and/or adding documents and/or individuals identified herein, as Plaintiff continues her investigation through the discovery process.

I. **NAME, ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION**

1. **Plaintiff, Victoria Evanoff**
   Plaintiff can be reached through undersigned counsel.

   Plaintiff has knowledge and information regarding the damages in this case.

2. **Defendant, Therese Perrette**
   Defendant, Therese Perrette can be reached through defense counsel.

   Upon information and belief, Defendant, Therese Perrette has knowledge about the 2019 Gap Assessment performed at East Penn Manufacturing Company, Inc. ("East Penn").

3. **Komilla Bhatty**
   Upon information and belief, Komilla Bhatty can be reached through defense counsel.

   Upon information and belief, Komilla Bhatty has knowledge about the 2019 Gap Assessment performed at East Penn.

4. **Steven Hladczuk**
   Upon information and belief, Steven Hladczuk can be reached through defense counsel.

   Upon information and belief, Steven Hladczuk has knowledge about the 2019 Gap Assessment performed at East Penn.

5. **Richard Kennedy**
   Upon information and belief, Richard Kennedy can be reached through defense counsel.

   Upon information and belief, Richard Kennedy has knowledge about the 2019 Gap Assessment performed at East Penn.

6. **Brian Birckbichler**
   East Penn
   102 Deka Road,
   Lyon Station, PA 19536
   (610) 682-6361

Upon information and belief, Brian Birckbichler has knowledge about the 2019 Gap Assessment performed at East Penn and the incident of March 2021 giving rise to the Complaint.

7. **Troy Greiss**
   East Penn
   102 Deka Road,
   Lyon Station, PA 19536
   (610) 682-6361

   Upon information and belief, Troy Greiss has knowledge about the 2019 Gap Assessment performed at East Penn and the incident of March 2021 giving rise to the Complaint.

Plaintiff anticipates that additional individuals with knowledge supporting her claims will be identified as discovery progresses. Plaintiff reserves the right to supplement this disclosure as necessary.

II. **DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS PLAINTIFF MAY USE TO SUPPORT HER CLAIMS OR DEFENSES**

1. The January 2019 Statement of Work.
2. The Occupational Safety and Health Act ("OSHA") Report from the March 2021 incident.
3. All documents relating to the March 2021 incident.
4. Communications between Defendants and East Penn regarding the 2019 Gap Assessment performed at East Penn.
5. Communications between Defendants and East Penn regarding the March 2021 incident.
6. All documents produced by Plaintiff or Defendants, including those documents produced when this action was pending in the Court of Common Pleas of Philadelphia County, Pennsylvania.
7. All documents discovered through subpoenas to a third party, including East Penn, regarding the March 2021 incident.

Plaintiff anticipates additional records, documents, data compilations and tangible things supporting her claims will be identified as discovery progresses. Plaintiff reserves the right to supplement this disclosure as necessary.

### III. COMPUTATION OF DAMAGES CLAIMED BY PLAINTIFF

1. Compensatory damages, costs and disbursements in this action, including reasonable attorneys' fees, as permitted by law;

2. Pre-judgment and post-judgment interested, as provided by law; and

3. Such other relief as may be appropriate under the circumstances.

Plaintiff reserves the right to supplement this disclosure as necessary.

### IV. INSURANCE AGREEMENTS

Not applicable.

Dated: October 6, 2023                    **ANAPOL WEISS**

*/s/ Gabrielle I. Weiss*
Sol H. Weiss  (PA# 15925)
Gabrielle I. Weiss (PA # 325890)
130 N. 18th Street – Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130
Fax: (215) 875-7701
sweiss@anapolweiss.com
gweiss@anapolweiss.com

*Attorneys for Plaintiff, Victoria Evanoff, as Administrator of the Estate of John Evanoff, Deceased*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October 2023, a true and correct copy of the Rule 26(a)(1) Initial Disclosures was served on defense counsel via electronic mail.

*/s/ Gabrielle I. Weiss*
Gabrielle I. Weiss, Esquire