IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | : : : | CIVIL ACTION |
| Plaintiff, | : : | No. 5:23-cv-03417-JFL |
| vs. | : : | |
| MARSH USA, LLC, | : : | |
| THERESE PERRETTE, and | : : | |
| JOHN DOE DEFENDANTS # 1-2 | : : | |
| Defendants. | : : | |

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OR REFERENCE TO POTENTIAL INDEMNIFICATION BY
EAST PENN MANUFACTURING COMPANY
<u>AND THE PENNSYLVANIA WORKERS' COMPENSATION ACT</u>**

Defendants Marsh USA, LLC ("Marsh") and Therese Perrette (together, "Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, respectfully submit the following Brief in Support of Defendants' Motion *in Limine* to Exclude Evidence, Testimony, And Argument Regarding Potential Indemnification by East Penn Manufacturing Company and the Pennsylvania Workers' Compensation Act.

**TABLE OF CONTENTS**

I. STATEMENT OF FACTS ............................................................................................. 1

    A. Background. ...................................................................................................... 1

        1. Marsh's 2019 Gap Assessment for East Penn. .................................... 1

        2. The March 6, 2021 Smelter Incident. ................................................... 2

    B. Workers Compensation ..................................................................................... 2

    C. Procedural History. ........................................................................................... 2

II. STATEMENT OF THE QUESTION INVOLVED ...................................................... 3

III. SUMMARY OF ARGUMENT ..................................................................................... 3

IV. ARGUMENT ................................................................................................................. 3

    A. Legal Standard. ................................................................................................. 3

    B. The Court Should Exclude Any Evidence, Argument, Or Reference To East Penn's Potential Indemnification Of Marsh Under Paragraph 9 Of The Statement Of Work Standard Terms & Conditions Because It Is Irrelevant And Unfairly Prejudicial. .......................... 4

    C. The Court Should Exclude Any Evidence, Argument, Or Reference To The Pennsylvania Workers' Compensation Act, Including Any Benefits to Plaintiff And Immunity Of East Penn, Because This Evidence Is Irrelevant And Unfairly Prejudicial. ...................... 6

V. CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Bester v. Essex Crane Rental Corp.*,
619 A.2d 304 (Pa. Super. 1993), *appeal denied*, 651 A.2d 530 (Pa. 1994) ................................. 4, 5

*Gadley v. Ellis*,
2015 U.S. Dist. LEXIS 93316 (W.D. Pa. July 17, 2015) ........................................................... 4, 6

*John Spearly Constr., Inc. v. Penns Valley Area Sch. Dist.*,
121 A.3d 593 (Pa. Cmwlth. 2015) ................................................................................................ 4

*Watson v. Allied Tube & Conduit Corp.*,
2016 U.S. Dist. LEXIS 202348 (E.D. Pa. Sept. 9, 2016) .............................................................. 4

**Statutes**

77 P.S. § 481 ................................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 403 ........................................................................................................................ 6

Fed. R. Civ. P. 411 ........................................................................................................................ 4

Fed. R. Evid. 401 .......................................................................................................................... 3

Fed. R. Evid. 402 .......................................................................................................................... 3

Fed. R. Evid. 403 .......................................................................................................................... 3

Fed. R. Evid. 411 .......................................................................................................................... 4

# TABLE OF EXHIBITS

**Exhibit 1**     Statement of Work

**Exhibit 2**     Plaintiff's Deposition Transcript

I.   **STATEMENT OF FACTS**[1]

    A.   **Background.**

        1.   **Marsh's 2019 Gap Assessment for East Penn.**

East Penn engaged Marsh in January 2019 to perform a voluntary one-time "gap assessment" at East Penn's Lyons Complex pursuant to a written contract: the Statement of Work. (*See* ECF No. 22-3, Statement of Undisputed Material Facts ("SMF") ¶ 23; Ex. 1, Statement of Work.)  East Penn's Lyons Complex is a "massive" facility spread over 520 acres (0.81 square miles), with approximately 20 separate buildings/plants, totaling 3 million square feet of floor space, and over 7,500 employees.  (SMF ¶¶ 2-3.)  Marsh's gap assessment involved onsite interviews of certain employees in Plants A1, A2, A3, A4, S1, and Industrial only, which were the areas identified for focus by East Penn.  (SMF ¶¶ 33, 35.)  As set forth in the Statement of Work, the gap assessment did not involve hazard inspections or OSHA compliance.  (SMF ¶ 26.)  Further, during the course of the gap assessment, Marsh never saw and was never asked to see the Smelter plant, which is located in a physically separate building from the plants that Marsh visited.  (SMF ¶ 37.)  East Penn never requested or expected Marsh to visit all plants or operations at the Lyons Complex, or to visit the Smelter plant in particular, as part of the gap assessment.  (SMF ¶ 36.)  Marsh issued a report with recommendations to East Penn in March 2019.  (SMF ¶¶ 45, 48, 51.)  Marsh presented the Gap Assessment Report to East Penn in May 2019, and did not provide any consulting services to East Penn after that date.  (SMF ¶ 48, 51.)  East Penn had the sole discretion whether to implement any of Marsh USA's recommendations, and East Penn at all times remained directly responsible for the safety of its own workplace and that of its employees.  (SMF ¶ 49.)

---

[1] The material facts have been fully briefed in Defendants' Motion for Summary Judgment (ECF No. 22) and accompanying Statement of Undisputed Material Facts ("SMF") (ECF No. 22-3). The relevant facts are summarized here.

The Statement of Work includes an Appendix of Standard Terms and Conditions, which is a part of the Agreement. (Ex. 1, Statement of Work, at p. 9.) Paragraph 9 of the Standard Terms and Conditions discusses potential indemnity by East Penn of Marsh for any claims or actions relating to or arising out of the services that Marsh performed for East Penn under the Statement of Work. (*Id.* at p. 11.)

### 2. The March 6, 2021 Smelter Incident.

On December 7, 2020 – over a year and a half after Marsh completed the gap assessment for East Penn – East Penn hired Decedent John Evanoff as a refinery attendant in its Smelter Department. (SMF ¶ 56.) On March 6, 2021, Decedent was involved in a fatal workplace incident in the Smelter plant of the Lyons Complex when he stepped onto the lid of smelter kettle while attempting to load lead through an opening in the kettle lid (the "Smelter Incident").

### 3. Workers Compensation Benefits.

Plaintiff is the widow of Decedent and the administrator of his estate. Following the Smelter Incident, Plaintiff filed a claim for workers compensation benefits with East Penn under the Pennsylvania Workers' Compensation Act. (Pl.'s Dep. 24:22-25:2, 30:22-33:18.) Plaintiff receives weekly payments of $613.76 in workers' compensation benefits.[2] (*Id.*)

### B. Procedural History.

Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County on March 3, 2023. (ECF No. 1-7, Compl.) On August 23, 2023, Plaintiff filed her Amended Complaint naming only Marsh and Therese Perrette as defendants. (ECF No. 1-5, Am. Compl.) On August 31, 2023, Marsh removed the action to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1, Notice of Removal.) Plaintiff's Amended

---

[2] East Penn has workers compensation insurance with The Hartford, which is serviced by Sedgwick as the third-party administrator.

2

Complaint asserts claims against Defendants for negligence (Counts I and II), wrongful death (Count IV), and survival action (Count V), as well as vicarious liability against Marsh as the employer of Ms. Perrette (Count III).

## II. STATEMENT OF THE QUESTION INVOLVED

1. Should the Court exclude evidence, argument, and reference to East Penn's potential contractual indemnity of Marsh under Paragraph 9 of the Statement of Work Standard Terms & Conditions because it is irrelevant and unfairly prejudicial? *Answer: Yes.*

2. Should the Court exclude evidence, argument, and reference to the Pennsylvania Workers' Compensation Act, including its prohibition on tort claims against East Penn and benefits to Plaintiff, because it is irrelevant and unfairly prejudicial? *Answer: Yes.*

## III. SUMMARY OF ARGUMENT

The Court should exclude any evidence, testimony, argument, or reference to East Penn's potential indemnity of Marsh under the Statement of Work, and to the Pennsylvania Workers' Compensation Act, including the Act's prohibition on tort claims against East Penn, because they are irrelevant, unfairly prejudicial, and otherwise inadmissible in evidence.

## IV. ARGUMENT

### A. Legal Standard.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Further, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403. "Evidence that a person was or was not insured against liability is not admissible to prove whether

3

the person acted negligently or otherwise wrongfully[, b]ut the court may admit this evidence for another purpose, such as proving a witness's bias . . . ." Fed. R. Evid. 411.

> **B.     The Court Should Exclude Any Evidence, Argument, Or Reference To East Penn's Potential Indemnification Of Marsh Under Paragraph 9 Of The Statement Of Work Standard Terms & Conditions Because It Is Irrelevant And Unfairly Prejudicial.**

Paragraph 9 of the Statement of Work Standard Terms & Conditions discusses indemnity of Marsh by East Penn. (Ex. 1, Statement of Work, at p. 11.) This provision, and any evidence, argument, or testimony regarding potential indemnity of Marsh by East Penn should be excluded at trial because (a) it is irrelevant and (b) any minimal potential probative value is substantially outweighed by the danger of unfair prejudice.

Evidence of insurance is inadmissible to show that a defendant acted negligently or wrongfully. *Gadley v. Ellis*, 2015 U.S. Dist. LEXIS 93316, at *9 (W.D. Pa. July 17, 2015) (citing Fed. R. Civ. P. 411). Similarly, whether Marsh could potentially assert a claim for contractual indemnification against East Penn under paragraph 9 of the Statement of Work Standard Terms & Conditions has no bearing or relevance on questions of liability in this case. This is particularly true given that, under the Pennsylvania Workers Compensation Act, a contractual indemnification provision that requires an employer to indemnify a contractor for harm to an employee is generally unenforceable as contrary to public policy. *See John Spearly Constr., Inc. v. Penns Valley Area Sch. Dist.*, 121 A.3d 593, 604-05 (Pa. Cmwlth. 2015) (citing 77 P.S. § 481). For an indemnification provision against an employer to be enforceable under Pennsylvania law, there must be an express waiver of the immunity that the Workers' Compensation Act confers upon employers. *Bester v. Essex Crane Rental Corp.*, 619 A.2d 304, 306-07 (Pa. Super. 1993), *appeal denied*, 651 A.2d 530 (Pa. 1994); *Watson v. Allied Tube & Conduit Corp.*, 2016 U.S. Dist. LEXIS 202348, at *13 (E.D. Pa. Sept. 9, 2016) ("To be enforceable, an indemnification provision 'must clearly and

unequivocally express the employer's intent to indemnity against [its] employees' claims.'"). A broad indemnification provision that applies to "all claims" does not meet the strict standard of the Workers' Compensation Act for an express indemnification clause. *Bester*, 619 A.2d at 307-09.

While the Statement of Work indemnity provision is completely irrelevant to issues of liability, it does present a significant danger of unfair prejudice. The evidence adduced in discovery confirms that East Penn was at all times directly responsible (both legally and factually) for the condition of the Smelter plant. Indeed, Marsh never even saw the Smelter plant as part of its gap assessment. Among other actions, East Penn trained employees in the Smelter plant; East Penn drafted procedures for operation of equipment in the smelter plant; East Penn conducted regular safety inspections of the Smelter plant; and East Penn was at all times responsible for the condition of the smelter kettle. A jury thus is likely to reach the conclusion that East Penn is responsible for the Smelter Incident and any resulting harm to Plaintiff. If the jury believes that a judgment against Marsh would be indemnified by East Penn, it would present a significant danger that a jury would award a finding of liability against Marsh under the belief that East Penn would ultimately be held accountable. A jury cannot assess liability under that assumption. As such, all evidence, argument, and testimony regarding the indemnity provision must be excluded at trial. This includes redacting Paragraph 9 of the Statement of Work Standard Terms & Conditions from the Parties' Joint Trial Exhibits to remove reference to the indemnity provision.

Plaintiff's counsel has suggested that evidence of the indemnity provision may be admissible for the purpose of establishing bias by East Penn witnesses. This is not a justification to permit reference to indemnity. Any de minimis probative value of referencing indemnity by East Penn is significantly outweighed by the danger of unfair prejudice, and thus inadmissible under Rule 403. First, it has not been established that the Statement of Work indemnity provision

is even enforceable, and the law of Pennsylvania clearly states that it is not. Thus, the fact that the indemnity provision exists does create a material concern of bias by East Penn witnesses. Second, even if the indemnity provision were enforceable, the potential "bias" of East Penn witnesses arising from theoretical indemnity is no more than any other party defendant. As set forth below, evidence of East Penn's immunity under the Workers' Compensation Act should also be excluded. Given that a jury will not hear evidence or argument that East Penn is immune from tort liability, a jury could assess the credibility of East Penn witnesses and any potential "bias" without the need to introduce testimony or argument regarding East Penn's theoretical indemnity of Marsh. Because any minimal probative value of referencing indemnity is substantially outweighed by the danger of unfair prejudice, any evidence or reference to indemnity, including the indemnity provision itself, must be excluded at trial. *See* Fed. R. Civ. P. 403; *Gadley*, 2015 U.S. Dist. LEXIS 93316, *at 11 (holding probative value of evidence of insurance agreement for use in rebutting defenses was outweighed by danger of unfair prejudice to defendants under Rule 403).

    **C.**    **The Court Should Exclude Any Evidence, Argument, Or Reference To The Pennsylvania Workers' Compensation Act, Including Any Benefits to Plaintiff And Immunity Of East Penn, Because This Evidence Is Irrelevant And Unfairly Prejudicial.**

Like indemnity, the Pennsylvania Workers' Compensation Act has no relevance in this case. It has no bearing on liability or on the damages that may be awarded. The fact that Plaintiff has received workers' compensation benefits is not relevant to the amount of damages that may be recovered (any recovery by Plaintiff against Defendants is subject to a workers' compensation lien). Further, the fact that East Penn is immune from tort claims under the Workers' Compensation Act is not relevant to issues of liability. If, however, a jury is instructed that Plaintiff cannot sue East Penn under the Workers' Compensation Act, it would create a significant danger of unfair prejudice because a jury may look to Defendants as a potential source of recovery

knowing that Plaintiff cannot file suit against East Penn – even if the evidence does not support liability against Defendants. In fact, that is precisely why this lawsuit was filed.

Plaintiff's counsel does not need to reference the Workers Compensation Act, or the immunity that it confers upon employers, to explain why East Penn is not in the case. It is routine in lawsuits for parties to be dismissed prior to trial, and a jury may be instructed that the fact that East Penn is not a party does not establish any inference for or against liability on its part.

## V. CONCLUSION

For the reasons stated above, the Court should enter an order, substantially in the form appended hereto, granting Defendants' Motion *in Limine* to exclude evidence of indemnity by East Penn and the Workers' Compensation Act.

Respectfully submitted,

Dated: April 9, 2024              **GOLDBERG SEGALLA LLP**

*s/ Michael P. Luongo*
Michael P. Luongo, Esq. (PA I.D. No. 311948)
1700 Market Street, Suite 1418
Philadelphia, PA 19103
T: 267.519.6852
F: 267.519.6801
mluongo@goldbergsegalla.com

*Attorneys for Defendants*
*Marsh USA, LLC and Therese Perrette*

7