IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | : : : | CIVIL ACTION |
| Plaintiff, | : : | No. 5:23-cv-03417-JFL |
| vs. | : : | |
| MARSH USA, LLC, | : : | |
| THERESE PERRETTE, and | : : | |
| JOHN DOE DEFENDANTS # 1-2 | : : | |
| Defendants. | : : | |

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
ANY CLAIM OR DEMAND FOR SOLATIUM DAMAGES
OR REFERENCE TO DAMAGES FOR "EMOTIONAL AND PSYCHOLOGIAL LOSS"**

Defendants Marsh USA, LLC ("Marsh") and Therese Perrette (together, "Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, respectfully submit the following Brief in Support of Defendants' Motion *in Limine* to Preclude Plaintiff from Asserting any Claim or Demand for Solatium Damages or Reference to Damages for "Emotional and Psychological Loss."

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | STATEMENT OF FACTS ................................................................................... | 1 |
| | A. Background. ............................................................................................ | 1 |
| |     1. Marsh's 2019 Gap Assessment for East Penn. .................................... | 1 |
| |     2. The 2021 Smelter Incident. ................................................................. | 1 |
| | B. Procedural History. ................................................................................. | 1 |
| II. | STATEMENT OF THE QUESTION INVOLVED ........................................ | 2 |
| III. | SUMMARY OF ARGUMENT ............................................................................ | 2 |
| IV. | ARGUMENT ........................................................................................................ | 3 |
| | A. Legal Standard. ....................................................................................... | 3 |
| | B. The Court Should Preclude Any Claim Or Demand By Plaintiff For Solatium Damages At Trial Because Solatium Damages Are Not Recoverable Under Pennsylvania Law. ................................................. | 3 |
| | C. The Court Should Preclude Any Reference To "Emotional And Psychological Loss" In The Jury Instructions And Jury Verdict Form Because These Terms Are Likely To Confuse And Mislead A Jury Into Believing That Plaintiff May Recover For Solatium Damages, When She Cannot. .......................................................... | 6 |
| V. | CONCLUSION ..................................................................................................... | 7 |

# TABLE OF AUTHORITIES

**Cases**

*Com. v. Eichinger*, 108 A.3d 821 (Pa. 2014) ............................................................................... 6

*Gaydos v. Domabyl*, 152 A. 549 (Pa. 1930) ................................................................................ 4

*Heffner v. Allstate Ins. Co.*, 401 A.2d 1160 (1979), *aff'd*, 421 A.2d 629 (Pa. 1980) ..................... 3

*Keller v. Feasterville Family Health Care Center*, 557 F. Supp. 2d 671 (E.D. Pa. 2008) ............. 4

*Machado v. Kunkel*, 804 A.2d 1238 (Pa. Super. 2002) ................................................................. 5

*Mazzagatti v. Everingham*, 516 A.2d 672 (Pa. 1986) ................................................................... 4

*McKenna v. Pacific Rail Serv.*, 32 F.3d 820 (3d Cir. 1994) .......................................................... 3

*McMichael v. McMichael*, 241 A.3d 582 (Pa. 2020) .................................................................... 4

*Nuveen Mun. Trust v. Withumsmith Brown P.C.*, 752 F.3d 600 (3d Cir. 2014) ............................ 3

*Ponzini v. Monroe County*, 2016 U.S. Dist. LEXIS 113110 (M.D. Pa. Aug. 24, 2016) ........ 4, 5, 6

*Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa. Super. 2010) .................................................. 4, 5

**Statutes**

42 Pa.C.S. § 8302 ........................................................................................................................... 4

42 Pa.C.S.A. § 8301 ....................................................................................................................... 3

*Sinn v. Burd*, 404 A.2d 672 (1979) ............................................................................................ 3, 4

**Rules**

Fed. R. Evid. 401 ........................................................................................................................... 3

Fed. R. Evid. 402 ........................................................................................................................... 3

Fed. R. Evid. 403 ....................................................................................................................... 3, 6

I.  **STATEMENT OF FACTS**[1]

   A.  **Background.**

   1.  **Marsh's 2019 Gap Assessment for East Penn.**

East Penn engaged Marsh in January 2019 to perform a voluntary one-time "gap assessment" at East Penn's Lyons Complex pursuant to a written contract: the Statement of Work. (*See* ECF No. 22-3, Statement of Undisputed Material Facts ("SMF") ¶ 23; ECF No. 22-8, Statement of Work.)  Marsh presented its written Gap Assessment Report to East Penn in May 2019, and did not provide any consulting services to East Penn after that date.  (SMF ¶ 48, 51.) East Penn had the sole discretion whether to implement any of Marsh USA's recommendations, and East Penn at all times remained directly responsible for the safety of its own workplace and that of its employees.  (SMF ¶ 49.)

   2.  **The 2021 Smelter Incident.**

On December 7, 2020 – over a year and a half after Marsh completed the gap assessment for East Penn – East Penn hired decedent John Evanoff ("Decedent") as a refinery attendant in its Smelter Department.  (SMF ¶ 56.)  On March 6, 2021, Decedent was involved in a fatal workplace incident in the Smelter plant of the Lyons Complex when he stepped onto the lid of smelter kettle while attempting to load lead through an opening in the kettle lid and then fell into the opening ("Smelter Incident").  (SMF ¶¶ 57-58.)

   B.  **Procedural History.**

Plaintiff is the widow of Decedent and the administrator of his estate.  Plaintiff and Decedent had one child together ("G.E.").  (ECF No. 1-5, Am. Compl. ¶ 64.)  Plaintiff commenced this action

---

[1] The material facts have been fully briefed in Defendants' Motion for Summary Judgment (ECF No. 22) and accompanying Statement of Undisputed Material Facts ("SMF") (ECF No. 22-3).  The relevant facts are summarized here.

by filing a Complaint in the Court of Common Pleas of Philadelphia County on March 3, 2023. (ECF No. 1-7, Compl.) On August 23, 2023, Plaintiff filed her Amended Complaint naming only Marsh and Therese Perrette as defendants. (ECF No. 1-5, Am. Compl.) On August 31, 2023, Marsh removed the action to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1, Notice of Removal.) Plaintiff's Amended Complaint asserts claims against Defendants for negligence (Counts I and II), wrongful death (Count IV), and survival action (Count V), as well as vicarious liability against Marsh as the employer of Ms. Perrette (Count III).

**II.   STATEMENT OF THE QUESTION INVOLVED**

1. Should the Court exclude at trial any claim or demand for recovery of solatium damages for alleged mental anguish, bereavement, or grief in connection with the death of Decedent given that the Supreme Court of Pennsylvania has rejected solatium damages under the Wrongful Death Act and Survival Action statutes? *Answer: Yes.*

2. Should the Court exclude any reference to damages for "emotional and psychological loss" at trial, including in the jury instructions and the jury verdict form, because these terms are likely to mislead and confuse a jury into believing that solatium damages are recoverable when they are not? *Answer: Yes.*

**III.   SUMMARY OF ARGUMENT**

The Court should preclude Plaintiff from asserting any claim or demand for solatium damages for alleged feelings of anguish, bereavement, or grief arising from the death of Decedent because such solatium damages are not permitted under Pennsylvania law. While the Pennsylvania Superior Court has suggested that the Wrongful Death Act damages for "emotional and psychological loss" are recoverable, that suggestion is contrary to long-established precedent from the Pennsylvania Supreme Court. Federal courts must follow a state's highest court when faced with conflicting interpretation of law by that state's intermediate appellate courts. The Superior

2

Court cannot reverse Supreme Court precedent. Because the phrase "emotional and psychological loss" is likely to cause confusion and mislead a jury into believing that solatium damages may be recoverable, when they are not, this phrase should be excluded at trial, including in the jury instructions and jury verdict form.

IV.    **ARGUMENT**

    A.    **Legal Standard.**

"A federal court sitting in diversity is bound to follow state law as announced by the highest state court." *Nuveen Mun. Trust v. Withumsmith Brown P.C.*, 752 F.3d 600, 602 (3d Cir. 2014). It is only "[i]n the absence of guidance from that court[, that federal courts] are to refer to decisions of the state's intermediate appellate courts for assistance in determining how the highest court would rule." *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 825 (3d Cir. 1994).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Further, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403.

    B.    **The Court Should Preclude Any Claim Or Demand By Plaintiff For Solatium Damages At Trial Because Solatium Damages Are Not Recoverable Under Pennsylvania Law.**

The Wrongful Death Statute, 42 Pa.C.S.A. § 8301, compensates the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death. *Sinn v. Burd*, 404 A.2d 672, 675 n.3d (1979). This includes the value of services the decedent would have rendered to his family if he had lived. *Heffner v. Allstate Ins. Co.*, 401 A.2d 1160 (1979), *aff'd*, 421 A.2d 629 (Pa. 1980). In addition to economic damages, Pennsylvania Courts have held that damages

3

under the Wrongful Death Act may include loss of the decedent's society and comfort. *Keller v. Feasterville Family Health Care Center*, 557 F. Supp. 2d 671, 687 (E.D. Pa. 2008).

"A Survival Action under 42 Pa.C.S. § 8302 is brought by the administrator or executor of a decedent's estate in order to recover damages for the decedent's pain and suffering, the loss of gross earning power from the time of injury to death, and the loss of earning power, less personal maintenance expenses, for the estimated life span of the decedent." *McMichael v. McMichael*, 241 A.3d 582, 587-88 (Pa. 2020).

While the Wrongful Death Act permits recovery for loss of "society and comfort," "[n]o recovery is permitted for grief and mental suffering, i.e. solatium, resulting from the loss of a decedent." *Keller*, 557 F. Supp. 2d at 687. "Solatium, or solace, describes a type of monetary damages awarded the decedent's survivors to recompense them for their feelings of anguish, bereavement, and grief caused by the fact of the decedent's death." *Ponzini v. Monroe County*, 2016 U.S. Dist. LEXIS 113110, at *3 (M.D. Pa. Aug. 24, 2016) (citing *Sinn*, 404 A.2d at 675 n.3). In Pennsylvania, recovery for solatium damages "has been steadfastly rejected by the common law." *Id.*; *see Gaydos v. Domabyl*, 152 A. 549, 552 (Pa. 1930) ("damages in death cases do not include a claim for mental suffering, grief or distress of mind"). This is true both for the Wrongful Death Act and the Survival Action statute. *Ponzini*, 2016 U.S. Dist. LEXIS 113110, at *3.

In *Keller*, the Eastern District of Pennsylvania surveyed the relevant Pennsylvania Supreme Court precedent, including *Mazzagatti v. Everingham*, 516 A.2d 672, 679 (Pa. 1986), in which the Supreme Court reiterated that there is no damage award for feelings of anguish, bereavement and grief caused by the fact of the injury to and death of the decedent.

Notwithstanding the Supreme Court's long and consistent rejection of solatium damages, the Superior Court in *Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa. Super. 2010) suggested that

4

the Wrongful Death Act permits recovery for "emotional and psychological loss," when discussing the fact that damages include the value of the Decedent's services, stating:

> Damages for wrongful death are the value of the decedent's life to the family, as well as expenses caused to the family by reason of the death. Thus, members of the decedent's family enumerated in the Wrongful Death Act may recover not only for medical, funeral, and estate administration expenses they incur, but also for the value of his services, including society and comfort.
>
> … [T]he term services … extends to the profound emotional and psychological loss suffered upon the death of a parent or a child where the evidence establishes the negligence of another as its cause. In this case, the jury recognized the depth of the anguish suffered by Rettger's parents, awarding them a sum which, while substantial, could not compensate them for the loss of a son they had nurtured to adulthood.

*Rettger*, 991 A.2d at 932-33 (internal citations and quotations omitted). The Superior Court in *Rettger* based its statement regarding the term "services" on its prior decision in *Machado v. Kunkel*, 804 A.2d 1238 (Pa. Super. 2002). But *Machado* did not support that statement. In *Machado*, the Superior Court discussed loss of companionship, comfort, society and guidance of a parent. *Id.* at 1245. There is nothing in that language to suggest the recoverability "emotional or psychological loss," which could be perceived as synonyms for solatium damages. *Rettger* does not address, or even mention the precedent stated by the Pennsylvania Supreme Court in *Mazzagatti* and *Sinn* that solatium damages are not recoverable. While *Rettger* is correct that "services" may include loss of the Decedent's society and comfort, the term "services" does not encompass solatium damages for a survivor's feelings of anguish, bereavement, and grief. *See Ponzini*, 2016 U.S. Dist. LEXIS 113110, at *4 ("a plaintiff in a survival and wrongful death action may not recover damages for feelings of anguish, bereavement, and grief caused by the fact of the decedent's death"). Thus, a plaintiff may not recover for "emotional and psychological loss" to the extent that these terms are merely synonyms for nonrecoverable solatium damages. *See id.*

5

Because solatium damages are not recoverable under Pennsylvania law, Plaintiff should be precluded from asserting any claim for solatium damages at trial, including any demand for "emotional and psychological loss," which is likely to be understood as a demand for solatium damages. *Id.* at *5 (holding that "because there can be no recovery for grief and mental anguish as a result of the decedent's death, Plaintiffs will be precluded from 'asserting a claim for Solatium damages,'" but recognizing that the term "services" encompasses "losses of society and comfort").

### C. The Court Should Preclude Any Reference To "Emotional And Psychological Loss" In The Jury Instructions And Jury Verdict Form Because These Terms Are Likely To Confuse And Mislead A Jury Into Believing That Plaintiff May Recover For Solatium Damages, When She Cannot.

Because of the Superior Court's reference to "emotional and psychological loss" in *Rettger*, the Pennsylvania Standard Civil Jury Instructions for Wrongful Death Act Damages were recently amended recently to include the phrase "emotional and psychological loss." (*See* Ex. 1, Pa. SSJI (Civ) 7.180.) "The Suggested Standard Jury Instructions themselves are not binding and do not alter the discretion afforded trial courts in crafting jury instructions; rather, as their title suggests, the instructions are guides only." *Com. v. Eichinger*, 108 A.3d 821, 845 (Pa. 2014).

As explained above, the Pennsylvania Supreme Court has rejected solatium damages under the Wrongful Death Act and Survival Action statutes to compensate survivors for alleged mental anguish, bereavement, and grief. Use of the terms "emotional and psychological" loss suggests that solatium damages from mental anguish, bereavement, and grief caused by the fact of the decedent's death are recoverable, when they are not. Thus, this phrase should be excluded at trial, including from the jury instruction and verdict form, to avoid the significant likelihood that it would mislead and confuse the jury. *See* Fed. R. Evid. 403.

## V. CONCLUSION

For the reasons stated above, the Court should enter an order, substantially in the form appended hereto, granting Defendants' Motion *in Limine* to exclude any claim or demand for solatium damages, and to exclude the phrase "emotional and psychological loss" at trial.

Respectfully submitted,

Dated: April 9, 2024   **GOLDBERG SEGALLA LLP**

<u>*s/ Michael P. Luongo*</u>
Michael P. Luongo, Esq. (PA I.D. No. 311948)
1700 Market Street, Suite 1418
Philadelphia, PA 19103
T: 267.519.6852
F: 267.519.6801
mluongo@goldbergsegalla.com

*Attorneys for Defendants*
*Marsh USA, LLC and Therese Perrette*