**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | : : : | CIVIL ACTION |
| Plaintiff, | : : | No. 5:23-cv-03417-JFL |
| vs. | : : | |
| MARSH USA, LLC, | : : | |
| THERESE PERRETTE, and | : : | |
| JOHN DOE DEFENDANTS # 1-2 | : : | |
| Defendants. | : : | |

**BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE TO**
**EXCLUDE TESTIMONY AT TRIAL BY PLAINTIFF'S MINOR CHILD, G.E.**

Defendants Marsh USA, LLC ("Marsh") and Therese Perrette (together, "Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, respectfully submit the following Brief in Support of Defendants' Motion *in Limine* to Exclude Testimony at Trial by G.E., the minor child of Plaintiff Victoria Evanoff and Decedent John Evanoff ("Decedent").

**TABLE OF CONTENTS**

I.  STATEMENT OF FACTS ........................................................................................... 1

    A.  Background. ................................................................................................... 1

        1.  Marsh's 2019 Gap Assessment for East Penn. ................................... 1

        2.  The March 6, 2021 Smelter Incident. ................................................ 2

    B.  Procedural History. ...................................................................................... 2

II.  STATEMENT OF THE QUESTION INVOLVED ..................................................... 2

III.  SUMMARY OF ARGUMENT ................................................................................... 3

IV.  ARGUMENT ............................................................................................................... 3

    A.  Legal Standard. ............................................................................................ 3

    B.  The Court Should Exclude Testimony By G.E. At Trial Because
        Plaintiff Did Not Disclose G.E. As A Possible Witness During
        Discovery. ..................................................................................................... 4

    C.  The Court Should Exclude Testimony By G.E. At Trial Because
        G.E. Does Not Have Knowledge Of Any Facts That Cannot Be
        Offered By Plaintiff. .................................................................................... 4

    D.  The Court Should Exclude Any Testimony By G.E. Because
        Plaintiff's Ability To Testify Regarding All Recoverable Wrongful
        Death Damages Renders G.E.'s Testimony Cumulative,
        Prejudicial, And Of Limited Probative Value. .............................................. 5

V.  CONCLUSION ............................................................................................................ 6

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*General Refractories Co. v. First State Ins. Co.*,
2015 U.S. Dist. LEXIS 69727 (E.D. Pa. May 29, 2015) ............................................. 3

*Linebaugh v. Lehr*, 505 A.2d 303 (1986)...................................................................... 3

*Machado v. Gawlas*, 804 A.2d 1238 (Pa. Super. 2002)................................................ 5

*Mazzagatti v. Everingham*, 516 A.2d 672 (1986) ........................................................ 3

*Patel v. Kensol-Franklin, Inc.*, 2015 U.S. Dist. LEXIS 120928 (M.D. Pa. Sept. 11, 2015) ...... 4, 5

*Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572 (Pa. Super. 2003) ............................. 5

*Rittenhouse v. Hanks*, 777 A.2d 1113 (2001) ............................................................... 3

*Sinn v. Burd*, 404 A.2d 672 (1979) ........................................................................... 3, 4

*Skoda v. West Penn Power Co.*, 191 A.2d 822 (Pa. 1963) ............................................ 5

**Statutes**

42 Pa. C.S. § 8301.......................................................................................................... 3

**Rules**

Fed. R. Evid. 403 ........................................................................................................... 3

I.      **STATEMENT OF FACTS**[1]

    A.      **Background.**

        1.      **Marsh's 2019 Gap Assessment for East Penn.**

East Penn engaged Marsh in January 2019 to perform a voluntary one-time "gap assessment" at East Penn's Lyons Complex pursuant to a written contract: the Statement of Work. (*See* ECF No. 22-3, Statement of Undisputed Material Facts ("SMF") ¶ 23; ECF No. 22-8, Statement of Work.)  East Penn's Lyons Complex is a "massive" facility spread over 520 acres (0.81 square miles), with approximately 20 separate buildings/plants, totaling 3 million square feet of floor space, and over 7,500 employees. (SMF ¶¶ 2-3.)  Marsh's gap assessment involved onsite interviews of certain employees in Plants A1, A2, A3, A4, S1, and Industrial only, which were the areas identified for focus by East Penn.  (SMF ¶¶ 33, 35.)  As set forth in the Statement of Work, the gap assessment did not involve hazard inspections or OSHA compliance.  (SMF ¶ 26.)  Further, during the course of the gap assessment, Marsh never saw and was never asked to see the Smelter plant, which is located in a physically separate building from the plants that Marsh visited.  (SMF ¶ 37.)  East Penn never requested or expected Marsh to visit all plants or operations at the Lyons Complex, or to visit the Smelter plant in particular, as part of the gap assessment.  (SMF ¶ 36.)  Marsh issued a report with recommendations to East Penn in March 2019.  (SMF ¶¶ 45, 48, 51.)  Marsh presented the Gap Assessment Report to East Penn in May 2019, and did not provide any consulting services to East Penn after that date.  (SMF ¶ 48, 51.)  East Penn had the sole discretion whether to implement any of Marsh USA's recommendations, and East Penn at all times remained directly responsible for the safety of its own workplace and that of its employees.  (SMF ¶ 49.)

---

[1] The material facts have been fully briefed in Defendants' Motion for Summary Judgment (ECF No. 22) and accompanying Statement of Undisputed Material Facts ("SMF") (ECF No. 22-3).  The facts are summarized here.

**2.      The March 6, 2021 Smelter Incident.**

On December 7, 2020 – over a year and a half after Marsh completed the gap assessment for East Penn – East Penn hired decedent John Evanoff ("Decedent") as a refinery attendant in its Smelter Department.  (SMF ¶ 56.)  On March 6, 2021, Decedent was involved in a fatal workplace incident in the Smelter plant of the Lyons Complex when he stepped onto the lid of smelter kettle while attempting to load lead through an opening in the kettle lid and then fell into the opening ("Smelter Incident").  (SMF ¶¶ 57-58.)

**B.      Procedural History.**

Plaintiff is the widow of Decedent and the administrator of his estate.  Plaintiff and Decedent had one child together ("G.E."), who was born in 2015.  (ECF No. 1-5, Am. Compl. ¶ 64.)  Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County on March 3, 2023. (ECF No. 1-7, Compl.) On August 23, 2023, Plaintiff filed her Amended Complaint naming only Marsh and Therese Perrette.  (ECF No. 1-5, Am. Compl.)  On August 31, 2023, Marsh removed the action to the United States District Court for the Eastern District of Pennsylvania.  (ECF No. 1, Notice of Removal.)  Plaintiff's Amended Complaint asserts claims against Defendants for negligence (Counts I and II), wrongful death (Count IV), and survival action (Count V), as well as vicarious liability against Marsh as the employer of Ms. Perrette (Count III).

Plaintiff's Rule 26 Initial Disclosures do not identify G.E. as a witness.  (Ex. 1, Pl.'s Initial Disclosures.)  Again, in her responses to Defendants' Interrogatories, Plaintiff did not disclose G.E. as a witness, despite being specifically requested to identify persons with knowledge or information concerning the subject matter of the Complaint.  (Ex. 2, Pl.'s Ans.'s to Defs.' Interrogs., at No. 1.)

**II.      STATEMENT OF THE QUESTION INVOLVED**

1.      Should the Court preclude at trial any testimony by G.E., the minor child of Plaintiff Victoria Evanoff and Decedent?  *Answer: Yes.*

III.   SUMMARY OF ARGUMENT

The Court should exclude any testimony by G.E., the minor child of Plaintiff and Decedent, at trial because Plaintiff did not disclose G.E. as a possible witness in discovery, solatium damages for mental grief or anguish are not recoverable under controlling Supreme Court of Pennsylvania precedent thus rendering testimony regarding solatium damages irrelevant and prejudicial, and Plaintiff's ability to testify in support of all recoverable wrongful death damages renders any testimony by G.E. cumulative, prejudicial, and of limited probative value.

IV.   ARGUMENT

A.   Legal Standard.

Pennsylvania's Wrongful Death Statute, 42 Pa. C.S. § 8301, permits compensation to a decedent's survivors for pecuniary losses resulting from decedent's death. *Linebaugh v. Lehr*, 505 A.2d 303, 305 (1986); *Sinn v. Burd*, 404 A.2d 672, 675 n.3 (1979). Pecuniary losses include damages for the loss of the services, society and comfort decedent would have provided to decedent's survivors if he survived, which is, in part, the essential nature of a claim for loss of consortium. *Rittenhouse v. Hanks*, 777 A.2d 1113, 1120 (2001); see also, *Linebaugh*, 505 A.2d at 305. Grief including emotional and psychological suffering resulting from the loss of a decedent, known as solatium, is not recoverable in Pennsylvania. *Mazzagatti v. Everingham*, 516 A.2d 672, 679 (1986) (citing *Sinn*, 404 A.2d at 675 n.3) (wrongful death recovery for solatium not allowed).

Evidence, even when it is relevant, may be excluded when "its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is prejudicial when it has "an undue tendency to suggest a decision on an improper basis." *General Refractories Co. v. First State Ins. Co.*, 2015 U.S. Dist. LEXIS 69727, at *34 (E.D. Pa. May 29, 2015).

3

**B.** **The Court Should Exclude Testimony By G.E. At Trial Because Plaintiff Did Not Disclose G.E. As A Possible Witness During Discovery.**

Plaintiff identified G.E. as the child of Plaintiff and Decedent in the Amended Complaint. (*See* ECF 1-5, Am. Compl., at ¶ 64).  However, Plaintiff did not disclose G.E. as a witness in her Initial Disclosures (*see* Ex. 1, Pl.'s Initial Disclosures) or in Plaintiff's responses to Defendants' Interrogatories, despite being specifically requested to identify all persons with relevant knowledge regarding the facts and claims at issue (*see* Ex. 2, Pl.'s Ans. to Defs.' Interrogs., at No. 1).  Defendants relied upon Plaintiff's representations in her disclosures and interrogatory responses that G.E. would not be a witness, including electing not to serve a subpoena for G.E.'s deposition.  While Plaintiff has not indicated that she intends to call G.E. as a witness to date, Plaintiff should not be permitted on the eve of trial to identify G.E. as a witness when she has previously represented that G.E. would not be called, and induced reliance by Defendants on those representations.  As such, G.E. must be precluded from testifying at trial.

**C.** **The Court Should Exclude Testimony By G.E. At Trial Because G.E. Does Not Have Knowledge Of Any Relevant Facts That Cannot Be Offered By Another Source.**

As Defendant's explain in their Motion *in Limine* to exclude solatium damages, neither the Wrongful Death Act nor the Survival Action statutes permit recovery of mental suffering, anguish, or grief resulting from Decedent's death. *Mazzagatti*, 516 A.2d at 679 (citing *Sinn*, 404 A.2d at 675 n.3) (wrongful death recovery for solatium not allowed).  As such, G.E. cannot be called to testify to such damages, which are irrelevant.  Further, G.E., who was 4 ½ years old at the time of the Smelter Incident does not have any other relevant testimony to offer regarding damages, and even if G.E. did, such evidence can be offered through Plaintiff or Plaintiff's experts.  *See Patel v. Kensol-Franklin, Inc.*, 2015 U.S. Dist. LEXIS 120928, at \*10-11 (M.D. Pa. Sept. 11, 2015) (quashing deposition subpoenas to minor in wrongful death action because "the grief and mental

suffering caused by the decedent's death is not recoverable" and where alternative means "to obtain

the relevant information regarding her non-party, minor children will suffice").

> **D.      The Court Should Exclude Any Testimony By G.E. Because Plaintiff's Ability To Testify Regarding All Recoverable Wrongful Death Damages Renders G.E.'s Testimony Cumulative, Prejudicial, And Of Limited Probative Value.**

Plaintiff is the appropriate lay witness to testify regarding recoverable damages, including

G.E.'s "loss of companionship, comfort, society and guidance," also described as "loss of

guidance, tutelage, and moral upbringing." *Machado v. Gawlas*, 804 A.2d 1238, 1245 (Pa. Super.

2002); *see also Skoda v. West Penn Power Co.*, 191 A.2d 822, 828 (Pa. 1963) ("Under the Death

Statutes the administratix was entitled to recover for the benefit of the daughter and herself as

widow the amount of the pecuniary loss they suffered by reason of decedent's death").

In *Patel v. Kensol-Franklin, Inc.*, *supra*, the defendants served a deposition subpoena on

the plaintiff's minor children, arguing that depositions were necessary to discovery facts regarding

how the decedent's death had affected them, and thus damages in the case.  2015 U.S. Dist. LEXIS

120928, at *11 (M.D. Pa. Sep. 11, 2015).  The District Court granted the plaintiff mother's motion

to quash the subpoenas because the plaintiff-mother's own testimony about "how decedent's death

affected her children to the stated extent permitted in a wrongful death action" would be sufficient.

*Patel*, 2015 U.S. Dist. LEXIS 120928, at *11 (M.D. Pa. Sep. 11, 2015). The same logic applies in

the instant matter. Plaintiff is fully capable of testifying as to the recoverable damages and, as a

parent, understands the effect of Decedent's contribution to G.E.'s "loss of guidance, tutelage, and

moral upbringing" far better than G.E., who is now eight years old. *Machado, supra.*

Plaintiff's ability to testify in support of all recoverable damages renders any testimony by

G.E. cumulative, prejudicial and of limited probative value. Evidence is prejudicial when it has

"an undue tendency to suggest a decision on an improper basis." *Pittsburgh Constr. Co. v. Griffith*,

834 A.2d 572, 585 (Pa. Super. 2003). Here, G.E.'s testimony would undeniably suggest a decision

to the jury with respect to damages on the improper basis of emotional, sympathy, or solatium damages which are not recoverable in a wrongful death action. Because Plaintiff is permitted and able to testify to all recoverable damages, G.E.'s testimony would be cumulative of Plaintiff's anticipated testimony, unfairly prejudicial insofar as it will inflame the jury, and of limited probative value due to a minor child's inability to articulate the loss of guidance, tutelage and moral upbringing. Consequently, the Court should exclude G.E. from testifying.

## V.     CONCLUSION

For the reasons stated above, the Court should enter an order, substantially in the form appended hereto, granting Defendants' Motion *in Limine* to preclude any testimony at trial by G.E.

Respectfully submitted,

Dated: April 9, 2024                    **GOLDBERG SEGALLA LLP**

*s/ Michael P. Luongo*
Michael P. Luongo, Esq. (PA I.D. No. 311948)
1700 Market Street, Suite 1418
Philadelphia, PA 19103
T: 267.519.6852
F: 267.519.6801
mluongo@goldbergsegalla.com

*Attorneys for Defendants*
*Marsh USA, LLC and Therese Perrette*