IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | : : : | CIVIL ACTION |
| Plaintiff, | : : | No. 5:23-cv-03417-JFL |
| vs. | : : | |
| MARSH USA, LLC, | : : | |
| THERESE PERRETTE, and | : : | |
| JOHN DOE DEFENDANTS # 1-2 | : : | |
| Defendants. | : : | |

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
ANY CLAIM OR EVIDENCE OF ALLEGED PAIN AND SUFFERING OF DECEDENT**

Defendants Marsh USA, LLC ("Marsh") and Therese Perrette (together, "Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, respectfully submit the following Brief in Support of Defendants' Motion *in Limine* to Exclude Any Claim or Evidence of Pain and Suffering of Decedent John Evanoff ("Decedent").

## **TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | STATEMENT OF FACTS | | 1 |
| | A. | Background. | 1 |
| | | 1. Marsh's 2019 Gap Assessment for East Penn. | 1 |
| | | 2. The March 6, 2021 Smelter Incident. | 1 |
| | B. | Procedural History. | 2 |
| II. | STATEMENT OF THE QUESTION INVOLVED | | 3 |
| III. | SUMMARY OF ARGUMENT | | 3 |
| IV. | ARGUMENT | | 3 |
| | A. | Legal Standard. | 3 |
| | B. | The Court Should Preclude Any Claim For, And Any Evidence Of, Alleged Damages For Pain And Suffering Of Decedent Because Plaintiff Has Not Identified Any Demand For Pain And Suffering Damages Or Produced Any Expert Evidence To Support It. | 4 |
| V. | CONCLUSION | | 5 |

# **TABLE OF AUTHORITIES**

**Cases**

*Cominsky v. Donovan*, 846 A.2d 1256 (Pa. Super. 2002) .......................................................... 3, 4

*Nye v. Commonwealth, Dep't of Transp.*, 480 A.2d 318 (Pa. 1984)............................................ 3, 4

## I.      STATEMENT OF FACTS[1]

### A.      Background.

#### 1.      Marsh's 2019 Gap Assessment for East Penn.

East Penn engaged Marsh in January 2019 to perform a voluntary one-time "gap assessment" at East Penn's Lyons Complex pursuant to a written contract: the Statement of Work. (*See* ECF No. 22-3, Statement of Undisputed Material Facts ("SMF") ¶ 23; ECF No. 22-8, Statement of Work.) Marsh issued a report with recommendations to East Penn in March 2019. (SMF ¶¶ 45, 48, 51.) Marsh presented the Gap Assessment Report to East Penn in May 2019, and did not provide any consulting services to East Penn after that date. (SMF ¶ 48, 51.) East Penn had the sole discretion whether to implement any of Marsh USA's recommendations, and East Penn at all times remained directly responsible for the safety of its own workplace and that of its employees. (SMF ¶ 49.)

#### 2.      The March 6, 2021 Smelter Incident.

On December 7, 2020 – over a year and a half after Marsh completed the gap assessment for East Penn – East Penn hired Decedent John Evanoff as a refinery attendant in its Smelter Department. (SMF ¶ 56.) On March 6, 2021, Decedent was involved in a fatal workplace incident in the Smelter plant of the Lyons Complex when he stepped onto the lid of smelter kettle while attempting to load lead through an opening in the kettle lid and then fell into the opening into 1000 degree molten lead ("Smelter Incident"). (SMF ¶¶ 57-58.) East Penn produced security video of the Smelter Incident, which shows Decedent standing and leaning over the opening in the lid of the kettle for approximately three seconds, from 11:22:43 PM to 11:22:46 PM, and then suddenly

---

[1] The material facts have been fully briefed in Defendants' Motion for Summary Judgment (ECF No. 22) and accompanying Statement of Undisputed Material Facts ("SMF") (ECF No. 22-3). The relevant facts are summarized here.

disappear in the next frame at 11:22:47 PM, followed by an eruption of superheated material from the kettle within a split second, beginning at 11:22:48 PM. (Joint Trial Ex. 104.[2])

**B.     Procedural History.**

Plaintiff is the widow of Decedent and the administrator of his estate. Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County on March 3, 2023. (ECF No. 1-7, Compl.) On August 23, 2023, Plaintiff filed her Amended Complaint naming only Marsh and Therese Perrette as defendants. (ECF No. 1-5, Am. Compl.) On August 31, 2023, Marsh removed the action to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1, Notice of Removal.) Plaintiff's Amended Complaint asserts claims against Defendants for negligence (Counts I and II), wrongful death (Count IV), and survival action (Count V), as well as vicarious liability against Marsh as the employer of Ms. Perrette (Count III).

Plaintiff's Prayer for Relief includes a general request for "[a]n award to Plaintiff of compensatory damages," but does not expressly demand damages for any alleged pain and suffering of Decedent. (ECF No. 1-5, Am. Compl., at p. 19 of 21.) Likewise, in her Rule 26 Initial Disclosures, Plaintiff did not expressly disclose any damages for alleged pain and suffering of the Decedent. (Ex. 1, Pl.'s Initial Disclosures.) Again, in her responses to Defendants' Interrogatories, Plaintiff did not disclose any claim for damages related to alleged pain and suffering of the Decedent, despite being specifically requested to identify all "all categories of damages You are seeking to recover" from Defendants. (Ex. 2, Pl.'s Ans.'s to Defs.' Interrogs., at No. 5.) Lastly, Plaintiff never identified an expert witness or produced any expert report on pain and suffering damages, and the deadlines to do so have long expired. (*See* ECF No. 13, Order, at ¶ 4(a)-(b).)

---

[2] A copy of the security video can be made available to the Court upon request.

**II.     STATEMENT OF THE QUESTION INVOLVED**

1. Should the Court preclude at trial any claim for, and any evidence of, alleged damages for pain and suffering of the Decedent, given that Plaintiff has made no demand for, and disclosed no evidence for, pain and suffering damages during pre-trial discovery? *Answer: Yes.*

**III.    SUMMARY OF ARGUMENT**

The Court should preclude from trial any claim for, and any evidence of, damages resulting from alleged pain and suffering of Decedent. Plaintiff made no demand for pain and suffering in her Complaint, did not disclose any demand for pain and suffering in discovery, and produced no expert or lay witness evidence supporting recovery for pain and suffering damages. These facts render Plaintiff unable to meet the evidentiary burden for such a claim. Accordingly, any claim or evidence of alleged pain and suffering damages should be precluded at trial.

**IV.    ARGUMENT**

    **A.     Legal Standard.**

A Survival Action may permit recovery of damages for pain and suffering by the decedent prior to death; however, it is well-settled law that there is no recovery for pain and suffering when a decedent is killed instantaneously. *Nye v. Commonwealth, Dep't of Transp.*, 480 A.2d 318, 321 (Pa. 1984). A plaintiff's failure to produce expert evidence supportive of pain and suffering is a failure to meet the requisite burden. *Cominsky v. Donovan*, 846 A.2d 1256, 1259-60 (Pa. Super. 2002) (holding the estate of a decedent in a vegetative state prior to death was not entitled to submit the question of damages for pain and suffering to the jury due to a lack of expert evidence).

**B.      The Court Should Preclude Any Claim For, And Any Evidence Of, Alleged Damages For Pain And Suffering Of Decedent Because Plaintiff Has Not Identified Any Demand For Pain And Suffering Damages Or Produced Any Expert Evidence To Support It.**

The Court should exclude at trial any claim for, and any evidence of, damages for alleged pain and suffering of Decedent because Plaintiff has not identified such a claim and there is no expert (or lay witness) testimony to support it. A Survival Action, as alleged in Count V of the Amended Complaint, may permit recovery for pain and suffering by the decedent prior to death; however, it is well-settled law that there is no recovery for pain and suffering when a decedent is killed instantaneously. *Nye*, 480 A.2d at 321.

Plaintiff did not disclose any demand for pain and suffering damages either in her Complaint or in discovery, despite being specifically requested to disclose all categories of damages in response to Defendants' Interrogatories. (Ex. 2, Pl.'s Ans. to Defendants' Interrogs., at No. 5.) Further, the circumstances of the Smelter Incident indicate instantaneous death, and there is no evidence in the case, expert or otherwise, to refute that. Decedent fell into a large smelter kettle of 1000 degree molten lead. Security footage of the incident shows Decedent in frame standing over the opening in the lid of the kettle, then disappear out of sight in the next frame, and then an eruption from the kettle a split second later. In other words, instantaneous death. To establish pain and suffering damages would require expert testimony of a qualified medical expert who can testify to the unique effects of 1000 degree molten lead on human tissue. Plaintiff has not produced any expert witness or report on pain and suffering. A plaintiff's failure to produce expert evidence supportive of pain and suffering is a failure to meet the requisite burden. *Cominsky*, 846 A.2d at 1259-60 (holding the estate of a decedent in a vegetative state prior to death was not entitled to submit the question of damages for pain and suffering to the jury due to a lack of expert evidence). Because Plaintiff has not served an expert report on pain and suffering

damages, has not offered any other evidence to support pain and suffering damages, and has not identified any claim for pain and suffering damages in this case, Plaintiff should be precluded from making a demand for pain and suffering damages or offering any evidence of same at trial.

## V. CONCLUSION

For the reasons stated above, the Court should enter an order, substantially in the form appended hereto, granting Defendants' Motion *in Limine* to preclude evidence of, and any request for damages resulting from alleged pain and suffering of Decedent.

Respectfully submitted,

Dated: April 9, 2024  **GOLDBERG SEGALLA LLP**

*s/ Michael P. Luongo*
Michael P. Luongo, Esq. (PA I.D. No. 311948)
1700 Market Street, Suite 1418
Philadelphia, PA 19103
T: 267.519.6852
F: 267.519.6801
mluongo@goldbergsegalla.com

*Attorneys for Defendants*
*Marsh USA, LLC and Therese Perrette*