IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | : : : | CIVIL ACTION |
| Plaintiff, | : : | No. 5:23-cv-03417-JFL |
| vs. | : : | |
| MARSH USA, LLC, | : : | |
| THERESE PERRETTE, and | : : | |
| JOHN DOE DEFENDANTS # 1-2 | : : | |
| Defendants. | : : | |

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
ANY CLAIM, AWARD, OR EVIDENCE OF PUNITIVE DAMAGES AT TRIAL
INCLUDING DEFENDANTS' WEALTH, SIZE, OR FINANCIAL CONDITION**

Defendants Marsh USA, LLC ("Marsh") and Therese Perrette (together, "Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, respectfully submit the following Brief in Support of Defendants' Motion *in Limine* to Exclude claim, award, or evidence of punitive damages at trial, including evidence of Defendants' wealth, size, or financial condition.

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | STATEMENT OF FACTS | | 1 |
| | A. | Background. | 1 |
| | | 1. Marsh's 2019 Gap Assessment for East Penn. | 1 |
| | | 2. The March 6, 2021 Smelter Incident. | 2 |
| | B. | Procedural History. | 2 |
| II. | STATEMENT OF THE QUESTION INVOLVED | | 3 |
| III. | SUMMARY OF ARGUMENT | | 3 |
| IV. | ARGUMENT | | 3 |
| | A. | Legal Standard. | 3 |
| | B. | The Court Should Exclude Any Claim, Award, Or Evidence Of Punitive Damages At Trial Because Plaintiff Has Not Pled Any Facts Or Presented Any Evidence That Could Support A Punitive Damages Award. | 4 |
| | C. | The Court Should Preclude Any Evidence Of Defendants' Wealth, Size, Or Financial Condition Because Such Evidence Is Not Relevant And Prejudicial. | 5 |
| V. | CONCLUSION | | 6 |


## TABLE OF AUTHORITIES

**Cases**

*Babenko v. Dillon*, 2019 U.S. Dist. LEXIS 130015 (E.D. Pa. Aug. 2, 2019) ................................ 3

*Baker v. Penn. Nat. Mut. Cas. Ins. Co.*, 536 A.2d 1357 (Pa. Super. 1988) ..................................... 5

*Feld v. Merriam*, 485 A.2d 742 (Pa. 1984) ................................................................................ 4, 5

*Hall v. Episcopal Long Term Care*, 54 A.3d 381 (Pa. Super. 2012) ............................................. 4

*In re Lemington Home for the Aged*, 777 F.3d 620 (3d Cir. 2015) .............................................. 5

*Martin v. Johns-Manville Corp.*, 494 A.2d 1088 (Pa. 1985) ......................................................... 3

*Mirabel v. Morales*, 57 A.3d 144 (Pa. Super. 2012) ..................................................................... 5

*Phillips v. Cricket Lighters*, 883 A.2d 439 (Pa. 2005) .................................................................. 3

*Shelton v. Cty. of Chester*, 2015 U.S. Dist. LEXIS 123343 (E.D. Pa. Sept. 16, 2015) ................. 5

*Simmers v. CSX Transp.*, 2006 U.S. Dist. LEXIS 40571 (W.D. Pa. June 19, 2006) ..................... 4

I.      STATEMENT OF FACTS[1]

    A.      Background.

        1.      Marsh's 2019 Gap Assessment for East Penn.

East Penn engaged Marsh in January 2019 to perform a voluntary one-time "gap assessment" at East Penn's Lyons Complex pursuant to a written contract: the Statement of Work. (*See* ECF No. 22-3, Statement of Undisputed Material Facts ("SMF") ¶ 23; ECF No. 22-8, Statement of Work.)  East Penn's Lyons Complex is a "massive" facility spread over 520 acres (0.81 square miles), with approximately 20 separate buildings/plants, totaling 3 million square feet of floor space, and over 7,500 employees.  (SMF ¶¶ 2-3.)  Marsh's gap assessment involved onsite interviews of certain employees in Plants A1, A2, A3, A4, S1, and Industrial only, which were the areas identified for focus by East Penn.  (SMF ¶¶ 33, 35.)  As set forth in the Statement of Work, the gap assessment did not involve hazard inspections or OSHA compliance.  (SMF ¶ 26.)  Further, during the course of the gap assessment, Marsh never saw and was never asked to see the Smelter plant, which is located in a physically separate building from the plants that Marsh visited.  (SMF ¶ 37.)  East Penn never requested or expected Marsh to visit all plants or operations at the Lyons Complex, or to visit the Smelter plant in particular, as part of the gap assessment.  (SMF ¶ 36.)  Marsh issued a report with recommendations to East Penn in March 2019.  (SMF ¶¶ 45, 48, 51.)  Marsh presented the Gap Assessment Report to East Penn in May 2019, and did not provide any consulting services to East Penn after that date.  (SMF ¶ 48, 51.)  East Penn had the sole discretion whether to implement any of Marsh USA's recommendations, and East Penn at all times remained directly responsible for the safety of its own workplace and that of its employees.  (SMF ¶ 49.)

---

[1] The material facts have been fully briefed in Defendants' Motion for Summary Judgment (ECF No. 22) and accompanying Statement of Undisputed Material Facts ("SMF") (ECF No. 22-3).  The facts are summarized here.

### 2. The March 6, 2021 Smelter Incident.

On December 7, 2020 – over a year and a half after Marsh completed the gap assessment for East Penn – East Penn hired decedent John Evanoff ("Decedent") as a refinery attendant in its Smelter Department. (SMF ¶ 56.) On March 6, 2021, Decedent was involved in a fatal workplace incident in the Smelter plant of the Lyons Complex when he stepped onto the lid of smelter kettle while attempting to load lead through an opening in the kettle lid and then fell into the opening ("Smelter Incident"). (SMF ¶¶ 57-58.)

### B. Procedural History.

Plaintiff is the widow of Decedent and the administrator of his estate. Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County on March 3, 2023. (ECF No. 1-7, Compl.) On August 23, 2023, Plaintiff filed her Amended Complaint naming only Marsh and Therese Perrette as defendants. (ECF No. 1-5, Am. Compl.) On August 31, 2023, Marsh removed the action to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1, Notice of Removal.) Plaintiff's Amended Complaint asserts claims against Defendants for negligence (Counts I and II), wrongful death (Count IV), and survival action (Count V), as well as vicarious liability against Marsh as the employer of Ms. Perrette (Count III).

Plaintiff's Prayer for Relief includes a general request for "[a]n award to Plaintiff of compensatory damages," but does not include a demand for punitive damages. (ECF No. 1-5, Am. Compl., at p. 18 of 21.) Likewise, in her Rule 26 Initial Disclosures, Plaintiff did not demand punitive damages. (Ex. 1, Pl.'s Initial Disclosures.) Again, in her responses to Defendants' Interrogatories, Plaintiff again did not demand punitive damages. (Ex. 2, Pl.'s Ans.'s to Defs.' Interrogs., at No. 5.) Lastly, Plaintiff has made no claim or presented any evidence in discovery that Defendants engaged in outrageous conduct, with an evil motive, or with reckless indifference to the rights of others to support a finding of punitive damages.

## II. STATEMENT OF THE QUESTION INVOLVED

1. Should the Court exclude any claim, award, or evidence of punitive damages at trial, as well as any evidence of Defendant's wealth, size, or financial condition? *Answer: Yes.*

## III. SUMMARY OF ARGUMENT

Plaintiff made no claim at the pleading stage, or uncovered any evidence in discovery, that Defendants engaged in outrageous conduct, with an evil motive, or with reckless indifference such that their alleged errors and omissions can support a finding of punitive damages. Plaintiff thus cannot demonstrate at trial that Defendants acted with the evil motive or reckless indifference that would render appropriate the extreme remedy of punitive damages. Moreover, Plaintiff should not be permitted to introduce any evidence of Defendants' wealth, size, or financial condition, as such evidence is only appropriate once it has been determined that Plaintiff may recover for punitive damages – a burden of proof that Plaintiff cannot satisfy as a matter of law.

## IV. ARGUMENT

### A. Legal Standard.

"In Pennsylvania, punitive damages are an 'extreme remedy' available in only the most exceptional matters." *Babenko v. Dillon*, 2019 U.S. Dist. LEXIS 130015, at *5 (E.D. Pa. Aug. 2, 2019) (quoting *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005)). "Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." *Id.* "In circumstances where a plaintiff seeks punitive damages through a theory of deliberate indifference, the plaintiff must show that the defendant actually recognized the risk of harm and proceeded to act in conscious disregard or indifference to that risk." *Id.* (citing *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 (Pa. 1985)). Moreover, "a showing of mere

3

negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed." *Hall v. Episcopal Long Term Care*, 54 A.3d 381, 395 (Pa. Super. 2012).

There is no allegation, theory, or evidence to support an award of punitive damages in this case. Because Plaintiff cannot meet the high burden of establishing punitive damages as a matter of law, Plaintiff must be precluded from offering any evidence of punitive damages at trial, including evidence of Defendants' wealth, size, or financial condition.

### B. The Court Should Exclude Any Claim, Award, Or Evidence Of Punitive Damages At Trial Because Plaintiff Has Not Pled Any Facts Or Presented Any Evidence That Could Support A Punitive Damages Award.

The Pennsylvania Supreme Court, in *Feld v. Merriam*, "embraced the guideline of Section 908(2) of the Restatement (Second) of Torts regarding the imposition of punitive damages: 'Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'" *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984). The defendant's state of mind is "vital" because the "act, or the failure to act, must be intentional, reckless or malicious." *Id.* at 748. As set forth in Defendants' Motion for Summary Judgment (ECF No. 22), Plaintiff cannot state a claim for mere negligence as a matter of law, let alone the required scienter of "evil motive" or "reckless indifference" to support a punitive damages award. Plaintiff has not made a demand for punitive damages, has not pled facts to support an award of punitive damages, and has not presented any evidence of intentional, reckless or malicious conduct to support recovery of punitive damages. Because punitive damages are not recoverable as a matter of law, the Court must preclude any reference to, demand for, or evidence relevant to punitive damages at trial, such as Defendants' wealth. *See Simmers v. CSX Transp.*, 2006 U.S. Dist. LEXIS 40571, at *7 (W.D. Pa. June 19, 2006) (granting the defendants' motion *in limine* to preclude punitive damages at trial where plaintiffs had not presented evidence sufficient to establish defendants engaged in outrageous conduct that was willful or malicious).

4

### C. The Court Should Preclude Any Evidence Of Defendants' Wealth, Size, Or Financial Condition Because Such Evidence Is Not Relevant And Prejudicial.

Plaintiff may attempt to offer testimony or evidence at trial of Defendants' wealth, size, or financial condition. This evidence must be excluded. While the finder of fact may consider a defendant's wealth (or related evidence of a company's size or financial condition) as a factor in determining punitive damages, *see In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015), this evidence is irrelevant and prejudicial in assessing Defendants' liability and the amount of compensatory damages. *Feld*, 485 A.2d at 748 ("jury may not consider a defendant's wealth in setting compensatory damages"); *Baker v. Penn. Nat. Mut. Cas. Ins. Co.*, 536 A.2d 1357, 1362 (Pa. Super. 1988) ("evidence of a defendant's wealth tends to prejudice the jury against the defendant who, it is presumed, can afford to compensate the plaintiff for his or her alleged losses."). "Thus, a jury will be inclined to award compensatory damages based not upon the evidence and the law, but upon the defendant's ability to pay." *Baker*, 536 A.2d at 1362.

It would therefore be "highly prejudicial and improper" for a jury to hear such wealth, size or financial condition evidence and testimony – if at all – as part of Plaintiff's claim for compensatory damages. *Id.*; *Mirabel v. Morales*, 57 A.3d 144, 151 (Pa. Super. 2012) (holding defendant corporation entitled to new trial where plaintiff referenced size and wealth of company in closing argument). In other words, Plaintiff must *first* establish that punitive damages may be recovered, and only then can the Plaintiff attempt to offer evidence of wealth, size, or financial condition. *See Shelton v. Cty. of Chester*, 2015 U.S. Dist. LEXIS 123343, at *1 (E.D. Pa. Sept. 16, 2015) (noting that a plaintiff is only entitled to wealth information on showing "a well-founded possibility that a defendant may be subject to punitive damages as a matter of law"). Because Plaintiff cannot demonstrate any basis for punitive damages as a matter of law, it necessarily follows that any evidence of Defendant's wealth, size, or financial condition, must be excluded at trial.

## V. CONCLUSION

For the reasons stated above, the Court should enter an order, substantially in the form appended hereto, granting Defendants' Motion *in Limine* to preclude any claim, award, or evidence of punitive damages at trial.

Respectfully submitted,

Dated: April 9, 2024   **GOLDBERG SEGALLA LLP**


*s/ Michael P. Luongo*
Michael P. Luongo, Esq. (PA I.D. No. 311948)
1700 Market Street, Suite 1418
Philadelphia, PA 19103
T: 267.519.6852
F: 267.519.6801
mluongo@goldbergsegalla.com

*Attorneys for Defendants*
*Marsh USA, LLC and Therese Perrette*