# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | : : : | CIVIL ACTION |
| Plaintiff, | : | No. 5:23-cv-03417-JFL |
| | : | |
| vs. | : | |
| | : | |
| MARSH USA, LLC, | : | |
| | : | |
| THERESE PERRETTE, and | : | |
| | : | |
| JOHN DOE DEFENDANTS # 1-2 | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS MARSH USA, LLC AND THERESE
PERRETTE'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, Victoria Evanoff, as Administrator

of the Estate of John Evanoff, Deceased, by and through undersigned counsel, submits the following

Responses to Defendants, Marsh USA, LLC and Therese Perrette's (collectively "Marsh

Defendants") First Set of Interrogatories directed to Plaintiff. Plaintiff reserves the right to

supplement these responses, as discovery is ongoing.

## **INTERROGATORIES**

1.      Identify all persons with knowledge or information concerning the subject matter
of the Complaint and/or the Smelter Incident, including each person's (a) name, (b) address, (c)
job title or description, and (d) the substance of his or her knowledge or information.

**RESPONSE:**

1. **Plaintiff, Victoria Evanoff**
   **Plaintiff can be reached through undersigned counsel.**

   **Plaintiff has knowledge and information regarding the damages in this case.**

2. **Defendant, Therese Perrette**
   **Defendant, Therese Perrette can be reached through defense counsel.**

Upon information and belief, Defendant, Therese Perrette has knowledge about the 2019 Gap Assessment performed at East Penn Manufacturing Company, Inc. ("East Penn").

3. **Komilla Bhatty**
Upon information and belief, Komilla Bhatty can be reached through defense counsel.

Upon information and belief, Komilla Bhatty has knowledge about the 2019 Gap Assessment performed at East Penn.

4. **Steven Hladczuk**
Upon information and belief, Steven Hladczuk can be reached through defense counsel.

Upon information and belief, Steven Hladczuk has knowledge about the 2019 Gap Assessment performed at East Penn.

5. **Richard Kennedy**
Upon information and belief, Richard Kennedy can be reached through defense counsel.

Upon information and belief, Richard Kennedy has knowledge about the 2019 Gap Assessment performed at East Penn.

6. **Brian Birckbichler**
East Penn
102 Deka Road,
Lyon Station, PA 19536
(610) 682-6361
Upon information and belief, Brian Birckbichler has knowledge about the 2019 Gap Assessment performed at East Penn and the incident of March 2021 giving rise to the Complaint.

7. **Troy Greiss**
East Penn
102 Deka Road,
Lyon Station, PA 19536
(610) 682-6361

Upon information and belief, Troy Greiss has knowledge about the 2019 Gap Assessment performed at East Penn and the incident of March 2021 giving rise to the Complaint.

**Plaintiff anticipates that additional individuals with knowledge supporting her claims will be identified as discovery progresses. Plaintiff reserves the right to supplement this response, as discovery is ongoing.**

2.      Set forth and describe in detail, without reference to the Complaint, all facts supporting Your claim for negligence against the Marsh Defendants.

**RESPONSE: In October 2018, East Penn hired Defendant Marsh USA ("Marsh") to "help address East Penn Manufacturing's desire to identify systemically address identified gaps in its current loss prevention management system, evaluate the effect of those gaps on the organization's loss prevention and risk management culture, and recommend systems to assure that improvements are sustained." This assessment was performed at East Penn's Lyon Station, PA facilities, where Decedent worked at the time of his death. The assessment purported to "review and provide an analysis of key loss prevention functions at East Penn Manufacturing, including staffing, training, and written programs." Of particular note, this assessment would analyze East Penn's "[s]afety, ergonomics and prevent." In addition to performing site visits, Marsh planned to review existing policies, procedures, and protocols, as well as loss runs, OSHA logs, and employee survey results. It is Plaintiff's position that Marsh performed this assessment negligently, missing glaring safety violations that would have prevented Decedent's death. Plaintiff reserves the right to supplement this response, as discovery is ongoing.**

3.      Set forth and describe in detail, without reference to the Complaint, all facts supporting Your allegation in the Complaint that Marsh USA "was hired by East Penn in 2018 to inspect its premises to assess risks, identify any safety hazards or issues, and provide safety information to East Penn to comply with all requisite governmental and other safety standards to ensure the safety of East Penn's employees in the performance of their job duties, as well as the safety of any licensee or invitee visiting East Penn's premises."

**RESPONSE:** *See* **response to Interrogatory 2.**

4.      Set forth and describe in detail, without reference to the Complaint, all facts supporting Your allegations in the Complaint that the Marsh Defendants had a duty to inspect the smelter plant and/or smelter kettles where the Smelter Incident occurred for fall risk, fall hazards, or other safety hazards, including (a) the source of the duty, (b) whether the duty arose pursuant to a contract or agreement, (b) the specific contract or agreement or other source establishing the duty, and (c) the specific terms of the contract or agreement or other source establishing such a duty.

**RESPONSE:** *See* **response to Interrogatory 2.**

3

5.     Set forth and describe in detail, without reference to the Complaint, all damages You are seeking to recover against the Marsh Defendants in the Lawsuit, including (a) all categories of damages You are seeking to recover against the Marsh Defendants and (b) the dollar amount You are seeking to recover for each category of damages.

**RESPONSE: Plaintiff is seeking compensatory damages against the Marsh Defendants for their negligent conduct. Plaintiff is endeavoring to calculate the dollar amount of damages sought and reserves the right to supplement this response with additional information.**

6.     As to each proposed expert witness who may testify on Your behalf at trial, set forth in detail (a) the individual's name, address, professional qualifications and educational background; (b) the subject matter about which the individual is expected to testify; (c) the substance of the facts and opinions to which the individual is expected to testify; (d) a summary of the grounds for any opinion to which the individual is expected to testify; (e) attach a true and correct copy of each written report rendered by any proposed expert witnesses; and (f) set forth the content of any oral report rendered by any proposed expert witnesses.

**RESPONSE: Pursuant to this Court's November 9, 2023 order, Plaintiff will disclose to Defendants the identities and curriculum vitae of any expert witnesses she intends to use at trial on or before December 8, 2023 and the expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by January 8, 2024.**

7.     As to each proposed expert witness whom You have consulted but do not intend to have testify at trial, set forth in detail (a) the individual's name, address, professional qualifications, and education background; (b) the subject matter regarding which the individual was consulted; (c) the substance of the facts identified and opinion(s) expressed by the individual; (d) a summary of the grounds for any opinion(s) expressed by the individual; (e) attach hereto a true and correct copy of each written expert report rendered by the individual; and (f) set forth the content of any oral report rendered by the individual.

**RESPONSE: Pursuant to this Court's November 9, 2023 order, Plaintiff will disclose to Defendants the identities and curriculum vitae of any expert witnesses she intends to use at trial on or before December 8, 2023 and the expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by January 8, 2024.**

8.     Identify and describe in detail all civil, criminal, and/or other legal actions to which You were named as a party in the past ten (10) years, including (a) the date each action was commenced and resolved (if applicable), (b) the jurisdiction, court, and docket number for each case, (c) the name of all parties, and (d) the claimed relief.

**RESPONSE: Plaintiff has not been named a party in any civil, criminal, and/or other legal action in the past ten (10) years.**

Dated: November 14, 2023                    **ANAPOL WEISS**

                                            /s/ Gabrielle I. Weiss
                                            Sol H. Weiss (PA# 15925)
                                            Gabrielle I. Weiss (PA# 325890)
                                            130 N. 18th Street – Suite 1600
                                            Philadelphia, PA 19103
                                            Tel: (215) 735-1130
                                            Fax: (215) 875-7701
                                            sweiss@anapolweiss.com
                                            gweiss@anapolweiss.com

                                            *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Gabrielle I. Weiss, hereby certify that, on the date below, a true and correct copy of the Foregoing Responses to Defendants' First Set of Interrogatories directed to Plaintiff  was served upon all counsel of record via email.


*/s/ Gabrielle I. Weiss*
Gabrielle I. Weiss, Esq.

Dated: November 14, 2023

## VERIFICATION

I, Victoria Evanoff, hereby state that I am the Plaintiff in the within action and verify that the statements made in the foregoing Responses to Defendants' First Set of Interrogatories and Responses to Defendants' First Requests for the Production of Documents are true and correct to the best of my knowledge, information and belief.  I understand that the statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Victoria Evanoff

Date: 11/13/2023