IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | : CIVIL ACTION :<br>: No. 5:23-cv-03417 |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| MARSH USA, LLC, | : |
| | : |
| | : |
| Defendant. | : |

## ORDER

**AND NOW**, this ____ day of _____, 2024, upon consideration of Defendant, Marsh USA, LLC's ("Marsh") Motions *in Limine* (ECF Nos. 36-41), and Plaintiff, Victoria Evanoff, as Administrator of the Estate of John Evanoff, Deceased's omnibus responses thereto, it is **ORDERED** as follows:

1. With respect to Motion *in Limine* ECF No. 36*:*

    a. This Court **RESERVES RULING** on the admissibility of the OSHA Report for either party's case in chief. Either party may use the OSHA Report for impeachment purposes if a proper foundation is laid.

    b. The motion is **GRANTED** with respect to the exclusion of the settlement agreement between East Penn Manufacturing Company ("East Penn") and Marsh. Neither party may introduce evidence of this settlement agreement at trial.

2. With respect to Motion *in Limine* ECF No. 37*:*

    a. The motion is **GRANTED** with respect to the exclusion of the indemnity agreement between East Penn and Marsh in either party's case in chief. However, either party may use evidence of the indemnification for impeachment purposes if a proper foundation is laid.

    b. The motion is **GRANTED** with respect to the exclusion of evidence, argument, or reference to the Pennsylvania Workers' Compensation Act. Neither party may introduce evidence, argument, or reference to the Pennsylvania Workers' Compensation Act.

3. With respect to Motion *in Limine* ECF No. 38:

    a. The motion is **GRANTED** with respect to the exclusion of evidence of solatium damages.

    b. However, Plaintiff is permitted to testify about her grief as it relates to the loss of decedent's services, society, and comfort.

4. With respect to Motion *in Limine* ECF No. 39:

    a. This motion is **DENIED AS MOOT** based on stipulation of the parties.

5. With respect to Motion *in Limine* ECF No. 40:

    a. This Court **RESERVES RULING** on this motion until the time of trial.

6. With respect to Motion *in Limine* ECF No. 41:

    a. This motion is **GRANTED** to the extent neither party may introduce evidence of reckless or willful misconduct prior to the jury reaching a verdict in favor of Plaintiff and against Defendant. Neither party may

introduce evidence of reckless or willful misconduct prior to the jury reaching a verdict in favor of Plaintiff and against Defendant.

b. This Court **RESERVES RULING** on the remainder of this motion until the jury reaches a verdict in favor of Plaintiff and against Defendant.

c. Thereafter, the Parties will submit the evidence to the Court to determine whether there is sufficient evidence of reckless or willful misconduct.

d. Only upon a finding from this Court that there is sufficient evidence of reckless or willful conduct will the jury be permitted to consider whether punitive damages are appropriate in this matter.

BY THE COURT:

_____
JOSEPH F. LEESON, JR.
United States District Court Judge