# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED | : : : | CIVIL ACTION |
| Plaintiff, | : : | No. 5:23-cv-03417-JFL |
| vs. | : : | |
| MARSH USA, LLC, | : : | |
| Defendant. | : : | |

## REPLY BRIEF IN FURTHER SUPPORT OF
## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
## ANY CLAIM, AWARD, OR EVIDENCE OF PUNITIVE DAMAGES AT TRIAL
## INCLUDING DEFENDANT'S WEALTH, SIZE, OR FINANCIAL CONDITION

Defendant Marsh USA, LLC ("Marsh") by and through its undersigned counsel, Goldberg Segalla LLP, respectfully submits this Reply Brief in Further Support of Marsh's Motion *in Limine* to Exclude any Claim, Award, or Evidence of Punitive Damages at Trial, Including Marsh's Wealth, Size, or Financial Condition.

Respectfully submitted,

Dated: April 22, 2024

**GOLDBERG SEGALLA LLP**

*/s/ Michael P. Luongo*
Michael P. Luongo, Esq. (PA I.D. No. 311948)
Robert M. Hanlon, Esq. (PA I.D. No. 207899)
Joseph Ross, Esq. (PA I.D. No. 318039)
1700 Market Street, Suite 1418
Philadelphia, PA 19103
T: 267.519.6852
F: 267.519.6801
mluongo@goldbergsegalla.com
rhanlonjr@goldbergsegalla.com
jross@goldbergsegalla.com

*Attorneys for Defendant Marsh USA, LLC*

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II. REPLY ARGUMENT .................................................................................................... 1

    A.    Under Pennsylvania Law, Plaintiff's Complaint Must State A Demand For Punitive Damages For Plaintiff To Recover Punitive Damages At Trial. ........................................................................................... 1

    B.    Plaintiff Cannot Amend Her Complaint To Include A Demand For Punitive Damages At This Late Stage Of The Proceedings Because Leave To Amend Would Be Dilatory, Cause Undue Delay And Prejudice, And Be Futile. ................................................................................ 3

III. CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Bradley v. Amazon.com, Inc.*, 2023 U.S. Dist. LEXIS 119480 (E.D. Pa. July 12, 2023)............... 4

*Chamberlain v. Giampapa*, 2010 F.3d 154 (3d Cir. 2000)............................................................. 1

*Daley v. Wanamaker*, 464 A.2d 355 (Pa. 1983)........................................................................... 1, 2

*Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) ......................................................................... 1

*Guerra v. New Prime, Inc.*, 2012 U.S. Dist. LEXIS 101084 (W.D. Pa. July 20, 2012)................ 2, 3

*Martin v. Johns-Manville Corp.*, 494 A.2d 1088 (Pa. 1985)....................................................... 3, 5

*Mieczkowski v. Salvation Army*, 2017 U.S. Dist. LEXIS 8654 (E.D. Pa. Jan. 23, 2017) ............... 4

**Rules**

Fed. R. Civ. P. 15(a)(2)................................................................................................ 3

**I.      INTRODUCTION**

Marsh filed six Motions *in Limine* on April 9, 2024 (ECF Nos. 36-41), including a motion to exclude evidence of punitive damages at trial (ECF No. 41).  The grounds to exclude punitive damages at trial are clear: Plaintiff has not pled any demand for punitive damages in her Amended Complaint, Plaintiff did not disclose any demand for punitive damages in discovery, and Plaintiff has not offered any argument or evidence in this case that could support an award of punitive damages at trial.  Plaintiff nevertheless filed an Omnibus Opposition to Marsh's Motions *in Limine* (ECF No. 45), in which Plaintiff contends that the Court should reserve ruling on the exclusion of punitive damages at trial until after the close of Plaintiff's case on liability and compensatory damages.  Plaintiff's suggestion that punitive damages may be awarded at trial when Plaintiff has not pled any demand for punitive damages in her complaint misstates an issue of Pennsylvania substantive law.  Marsh submits this succinct reply brief to address that misstatement.

**II.     REPLY ARGUMENT**

    **A.     Under Pennsylvania Law, Plaintiff's Complaint Must State A Demand For Punitive Damages For Plaintiff To Recover Punitive Damages At Trial.**

Because this action was removed on federal diversity grounds, this Court must apply Pennsylvania state substantive law and federal procedural law.  *Chamberlain v. Giampapa*, 2010 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

Plaintiff's Omnibus Opposition incorrectly cites the Pennsylvania Supreme Court's decision in *Daley v. Wanamaker*, 464 A.2d 355 (Pa. 1983) for the proposition that punitive damages do not need to be pled in a plaintiff's complaint to be recoverable at trial.  (*See* ECF No. 45, Pl.'s Opp. Br., at p. 14.)  The Pennsylvania Supreme Court's decision in *Daley* confirms the opposite.  In *Daley*, the plaintiff had *initially* failed to plead a demand for punitive damages in the addendum clause of her complaint, but subsequently filed a motion to amend her complaint to include an express demand

for punitive damages.  *Id.* at 361.  The trial court granted the plaintiff's motion for leave to amend the complaint to include a demand for punitive damages shortly before trial.

The issues presented to the Pennsylvania Supreme Court on appeal were: (1) whether the plaintiff could amend her complaint to include a demand for punitive damages after the statute of limitations on the underlying tort claims had expired (an issue of Pennsylvania substantive law); and (2) whether the trial Court abused its discretion under the Pennsylvania Rules of Civil Procedure in granting the plaintiff leave to amend her complaint shortly before trial (a question of Pennsylvania procedural law).  As to the substantive legal issue, the Pennsylvania Supreme Court held that because a demand for punitive damages is not a distinct cause of action from the underlying tort, the complaint could be amended to include a demand for punitive damages after the statute of limitations for the underlying tort has expired, so long as the underlying tort is pled within the statutory period. *Id.* at 362; *Guerra v. New Prime, Inc.*, 2012 U.S. Dist. LEXIS 101084 (W.D. Pa. July 20, 2012) ("In Pennsylvania, the ad damnum clause of a complaint may be amended to include a claim for punitive damages, provided that the complaint demonstrates a basis for such damages.").  However, leave to amend the complaint to include a demand for punitive damages was still necessary for the plaintiff to recover punitive damages at trial.  *Daley*, 464 A.2d at 362   In other words, if the trial court had denied the plaintiff leave to amend, the plaintiff would have been precluded from recovering punitive damages.  Thus, the Pennsylvania Supreme Court cautioned "that in some cases an amendment immediately prior to trial may be prejudicial to the defendant," including if "[s]uch an amendment does not give the defendant sufficient notice to enable him to have the requisite financial information which would be required for a proper defense to the award of punitive damages."  *Id.* at 361 n.4.

Here, Plaintiff has not pled any demand for punitive damages in her Amended Complaint or alleged any facts in the Amended Complaint to support an award of punitive damages.  (*See* ECF 1-

2

5, Am. Compl.)  There is no allegation in the Amended Complaint of "outrageous conduct" or "acts done with a bad motive or with reckless indifference to the interests of others." *See Martin v. Johns-Manville Corp.*, 494 A.2d 1088 (Pa. 1985) (stating standard for punitive damages).  In fact, Plaintiff's Amended Complaint does not even mention the words "outrageous," "reckless," "willful," or "intentional." (*See* ECF 1-5, Am. Compl.)  Plaintiff can't allege these facts because there is no evidence to support them. Because Plaintiff has not pled any demand for punitive damages in the Amended Complaint, as a matter of Pennsylvania substantive law, Plaintiff cannot recover punitive damages under the Amended Complaint at trial. *See Guerra*, *supra*; *Daley*, *supra*.

> **B.     Plaintiff Cannot Amend Her Complaint To Include A Demand For Punitive Damages At This Late Stage Of The Proceedings Because Leave To Amend Would Be Dilatory, Cause Undue Delay And Prejudice, And Be Futile.**

Whether Plaintiff may file a motion to amend her Amended Complaint to include a demand for punitive damages is a question of procedural law, which is governed in this federal diversity action by the Federal Rules of Civil Procedure.  Under the Federal Rules of Civil Procedure, "it is within the district court's discretion to grant or deny a motion to amend, and a court could justify denial of a motion to amend on grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." *Guerra*, 2012 U.D. Dist. LEXIS 101084, at *3 (citing Fed. R. Civ. P. 15(a)(2)).

Plaintiff has not moved to amend her complaint to include a demand for punitive damages, and the Court must deny any request to do so now because leave to amend at this late stage of the proceedings would result in undue delay, demonstrate dilatory motive, cause prejudice, and be futile. The Case Management Order in this action was entered on November 9, 2023, and expressly states in Section 1 that: "Any motion to amend the pleadings shall be filed **no later than thirty (30) calendar days before the close of fact discovery**." (ECF No. 13, at Sec. 1 (emphasis in original).) Thus, the deadline for Plaintiff to file a motion to amend her complaint to include any demand for

3

punitive damages expired on Monday, January 8, 2024 – thirty days before the February 6, 2024 fact discovery deadline.  (*See id.* at Sec. 3 (setting February 6, 2024 fact discovery deadline).)

There is no good cause for Plaintiff to file a motion for leave to amend her complaint to include a demand for punitive damages months after the court-ordered deadline.  First, Plaintiff has failed to adduce any evidence in discovery of outrageous or willful misconduct that could support an award of punitive damages.  That is because that evidence does not exist.  Marsh's gap assessment for East Penn was a *voluntary* one-time consulting service that did not need to be performed at all, it ended two years before the Smelter Incident, it did not involve the Smelter plant (which East Penn knew), and there is no genuine dispute that Marsh never saw, was never asked to see, and did not undertake any specific duty to see the Smelter plant.  Plaintiff's theory of liability against Marsh is predicated solely on an alleged omission in not going to the Smelter plant as part of Marsh's three site visits at the massive 520-acre Lyons Complex, even though East Penn never asked or required Marsh to do so.  This theory of liability is insufficient as a matter of law to satisfy the standard for mere negligence under Restatement (Second) Torts § 324A, let alone the standard for outrageous misconduct to support a punitive damages award.  A demand for punitive damages may be dismissed as a matter of law prior to trial when there is no evidence to support it.  *See, e.g.*, *Mieczkowski v. Salvation Army*, 2017 U.S. Dist. LEXIS 8654, at *6 (E.D. Pa. Jan. 23, 2017) (granting summary judgment on punitive damages because no evidence was submitted to support the claim); *Bradley v. Amazon.com, Inc.*, 2023 U.S. Dist. LEXIS 119480, at *15-16 (E.D. Pa. July 12, 2023) (same).  Because there is no evidence to support an award of punitive damages, leave to amend Plaintiff's complaint to include a demand for punitive damages would be futile.

Moreover, leave to amend would result in undue delay and prejudice given that this matter is scheduled for trial on May 6, 2024 and the discovery period has been closed for months.  If

4

Plaintiff were to file a motion for leave to amend, that motion would not be resolved until the eve of the trial, and, if it were granted, it would reopen the pleadings, even though discovery is now closed. Doing so at this late stage of the proceedings would cause prejudice by raising new questions of wealth and financial condition of Marsh, which were not a subject of discovery. The Court's November 9, 2023 Order expressly required that any motion for leave to amend the complaint *shall* be filed no later than thirty days before the close of fact discovery for a reason. Plaintiff has no cause whatsoever to disregard that order. As such, the Court must exclude any evidence, award, or claim for punitive damages at trial, including any argument or evidence of the wealth, size, or financial condition of Marsh.[1]

### III. CONCLUSION

For the reasons stated above, and Marsh's original moving papers, the Court should enter an order granting Marsh's Motion *in Limine* to Exclude any Claim, Award, or Evidence of Punitive Damages at Trial.

Dated: April 22, 2024        **GOLDBERG SEGALLA LLP**

/s/ Michael P. Luongo
Michael P. Luongo, Esq. (PA I.D. No. 311948)
1700 Market Street, Suite 1418
Philadelphia, PA 19103
T: 267.519.6852
F: 267.519.6801
mluongo@goldbergsegalla.com

*Attorneys for Defendant Marsh USA, LLC*

---

[1] Even if Plaintiff had pled a demand for punitive damages, evidence of punitive damages, including wealth, size, and financial condition of Marsh, must be excluded during the liability and compensatory damages phases of trial, because such evidence is irrelevant and prejudicial in these phases. *See Martin*, 494 A.2d 1088 (explaining that "the imposition of punitive damages is also subject to additional, more general, restrictions. First, the trial judge must determine whether the plaintiff has presented sufficient evidence to support a punitive damages claim. . . . Second, in order to recover punitive damages the plaintiff must prove actual compensatory damages").

## CERTIFICATE OF SERVICE

    I, Michael P. Luongo, Esq., hereby certify that a true and correct copy of the forgoing Reply Brief was served on all counsel of record via ECF on the date below.

<div style="text-align:right">

<u>s/ Michael Luongo</u>
Michael P. Luongo, Esq.

</div>

Dated: April 22, 2024