IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA EVANOFF, as Administrator of the ESTATE OF JOHN EVANOFF, DECEASED <br>                   Plaintiff, <br><br> vs. <br><br> MARSH USA, LLC, <br> THERESE PERRETTE, and <br> JOHN DOE DEFENDANTS # 1-2 <br><br>                   Defendants. | CIVIL ACTION <br><br> No. 5:23-cv-03417-JFL |

**BRIEF IN SUPPORT OF
THE PARTIES' JOINT MOTION FOR LEAVE TO FILE
PETITION FOR APPROVAL OF SETTLEMENT UNDER SEAL**

      Defendant Marsh USA, LLC ("Marsh") and Plaintiff Victoria Evanoff, as Administrator of the Estate of John Evanoff, Deceased ("Plaintiff") (individually, a "Party"; collectively, the "Parties"), by and through their undersigned counsel, respectfully submit the following Brief in Support of the Parties' Joint Motion for Leave to File Petition for Approval of Settlement Under Seal.  A partially redacted copy of the Petition for Approval of Settlement, with the amount of the settlement payment and the full name of decedent's minor child redacted, is enclosed as **Exhibit 1**.

**TABLE OF CONTENTS**

I.  STATEMENT OF FACTS ................................................................................................... 1

    A.  Background. .......................................................................................................... 1

        1.  Marsh's 2019 Gap Assessment for East Penn. ................................... 1

        2.  The 2021 Smelter Incident. ................................................................. 1

    B.  Procedural History. ............................................................................................... 2

II.  STATEMENT OF THE QUESTION INVOLVED ........................................................ 3

III.  SUMMARY OF ARGUMENT .......................................................................................... 3

IV.  ARGUMENT ....................................................................................................................... 4

    A.  Legal Standard. ..................................................................................................... 4

    B.  The Court Should Grant The Parties' Joint Motion To File The Petition For Approval Of Settlement Under Seal Given That This Action Involves Private Litigants, Including The Interests Of A Minor Beneficiary, And Does Not Concern A Matter Of Broader Public Interest. ....................................................................................................... 5

V.  CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*In re Cendant Corp.,* 260 F. 3d 183 (3d. Cir. 2001) .......................................................................... 4

*In re Estate of DuPont,* 2 A.3d 516 (Pa. 2010) .................................................................................. 6

*Leap Sys., Inc. v. Moneytrax, Inc.,* 638 F.3d 216 (3d Cir. 2011) ...................................................... 6

*Lee v. Victoria's Secret, LLC*, 2012 WL 628015, Civil Action No. 10-3662 (E.D. Pa. Feb. 27, 2012) ................................................................................................................................................. 5

*Miller v. Indiana Hosp.,* 16 F.3d 549 (3d Cir. 1994) ........................................................................ 4

*Pansy v. Borough of Stroudsburg,* 23 F.3d 772 (3d Cir. 1994) ........................................................ 4

*Zurich Am. Ins. Co. v. Rite Aid Corp.,* 345 F. Supp. 2d 497 (E.D. Pa. 2004) .................................. 4

**I.      STATEMENT OF FACTS**

    **A.      Background.**

        **1.      Marsh's 2019 Gap Assessment for East Penn.**

East Penn Manufacturing Company ("East Penn") engaged Marsh in January 2019 to perform a onetime "Operational Loss Prevention Gap Assessment") ("Gap Assessment") at East Penn's Lyons, Pennsylvania facilities ("Lyons Complex") in February and March 2019 pursuant to a written Statement of Work. In conducting the Gap Assessment, Marsh appeared for a tour of parts of the Lyons Complex on February 8, 2019, and for three onsite visits at the Lyons Complex on 13, 14, and 27, 2019. Marsh conducted employee interviews during these site visits, which took place in Plants A1, A2, A3, A4, S1, and Industrial. During the course of the Gap Assessment, Marsh never saw the Smelter plant, which is located in a physically separate building from the plants that Marsh visited.

On March 20, 2019, after completing its interviews, Marsh emailed its written "Operational Loss Prevention Gap Assessment" report ("Gap Assessment Report") to East Penn, which identified gaps in East Penn's safety culture and practices and recommended systems to address them. Marsh presented the Gap Assessment Report to East Penn in May 2019, and did not provide any consulting services to East Penn after that date. East Penn had the discretion whether to implement any of Marsh's recommendations.

        **2.      The 2021 Smelter Incident.**

On December 7, 2020, East Penn hired decedent John Evanoff ("Decedent") as a refinery attendant in its Smelter Department. On March 6, 2021, Decedent was involved in a fatal workplace incident in the Smelter plant of East Penn's Lyons Complex when he stepped onto the lid of smelter kettle while attempting to load lead through an opening in the kettle lid, and then fell into the opening in the lid ("Smelter Incident").

**B.     Procedural History.**

Plaintiff is the widow of Decedent and the administrator of his estate. Plaintiff and Decedent had one child together, G.E., who was born in 2015. Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County on March 3, 2023. (ECF No. 1-7, Compl.) On August 23, 2023, Plaintiff filed her Amended Complaint naming Marsh, Therese Perrette, and John Doe Defendants #1-2. (ECF No. 1-5, Am. Compl.) Plaintiff filed this action individually, as the representative of her minor child G.E., and as Administrator of the Estate of John Evanoff. (*See id.*)

On August 31, 2023, Marsh removed the action to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1, Notice of Removal.) Plaintiff's Amended Complaint asserts the following claims: Count I – Negligence (Plaintiff v. Therese Perrette and John Doe Defendant #1); Count II – Corporate Negligence (Plaintiff v. Marsh and John Doe Defendant #2); Count III – Vicarious Liability (Plaintiff v. Marsh and John Doe Defendant #2); Count IV – Wrongful Death (Plaintiff v. All Defendants); and Count V – Survival Action (Plaintiff v. All Defendants). (ECF No. 1-5, Am. Compl.) These Perrette and the John Doe Defendants were later dismissed with prejudice by Stipulation of the Parties and Orders of the Court.

On November 9, 2023, the Court entered an Order referring the action to United States Magistrate Judge Pamela A. Carlos for settlement. (ECF No. 14.) On February 7, 2024, the Parties appeared for an in-person settlement conference with Judge Carlos in the Edward N. Cahn U.S. Courthouse and Federal Building, 504 West Hamilton Street, Suite 3401, Allentown, Pennsylvania 18101. (ECF No. 24.) The parties did not reach a settlement at that time, but continued settlement negotiations. On April 23, 2024, Judge Carlos held a settlement conference with the Parties and counsel via Zoom (ECF No. 48), in which the Parties reached a confidential settlement in principle

to resolve this action, subject to approval from the Court. *See* 20 Pa.C.S. § 3323 (requiring court approval of settlement of survival actions).

The Parties have now entered into a written Confidential Settlement Agreement and Release, which provides that the amount of the settlement payment shall be maintained as confidential. Plaintiff has additionally prepared a Petition for Approval of Settlement, which sets forth a proposed allocation of the net proceeds of the settlement sum as between Plaintiff's claims under the Wrongful Death Act and Survival Action, as well as between Plaintiff and her minor child G.E. Marsh's counsel has reviewed the Petition for Approval of Settlement and agrees with its terms. The Petition for Approval of Settlement attaches as an exhibit a copy of the Parties' Confidential Settlement Agreement and Release. To effectuate the agreement of the Parties, the Parties now move jointly to file the Petition for Approval of Settlement under seal, so that the amount of the settlement payment may be maintained as confidential. A partially redacted copy of the Petition for Approval of Settlement is enclosed, which redacts only the amount of the settlement payment. (*See* **Exhibit 1**.)

## II.     STATEMENT OF THE QUESTION INVOLVED

1.     Should the Court grant the Parties leave to file an unredacted copy of the Petition for Approval of Settlement under seal where a partially redacted copy of the Petition for Approval of Settlement with only the amount of the settlement payment redacted is available on the Court's public docket? *Answer: Yes.*

## III.     SUMMARY OF ARGUMENT

The Court should grant the Parties leave to file an unredacted copy of the Petition for Approval of Settlement under seal to avoid public disclosure of the amount of the settlement payment given that this action involves private litigants, the amount of the settlement payment is not an issue of public importance, Marsh has an ongoing business interest in confidentiality, and confidentiality is necessary to protect the privacy interest of Plaintiff's minor child G.E.

**IV.     ARGUMENT**

    **A.     Legal Standard.**

While courts recognize the right of public access to judicial records, it is well-established that the Court has the power to seal records when justice or the circumstances so require and where doing so will not prejudice any party. *See Zurich Am. Ins. Co. v. Rite Aid Corp.,* 345 F. Supp. 2d 497, 500 (E.D. Pa. 2004) (citing *In re Cendant Corp.,* 260 F. 3d 183, 192 (3d. Cir. 2001)). "Good cause [to support maintaining the confidentiality of information] is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994); *see also Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994).

In *Pansy v Borough of Stroudsburg*, the Third Circuit enunciated a balancing test to be utilized when making a determination of whether good cause exists. "One interest which should be recognized in the balancing process is an interest in privacy." *Pansy*, 23 F.3d at 787. To this end, courts should consider whether the parties are private, as opposed to public figures, and whether the case involves issues that are important to the public. *See id.* Thus, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Id.* at 788. "Discretion should be left with the court to evaluate the competing considerations in light of the facts of individual cases. By focusing on the particular circumstances in the cases before them, courts are in the best position to prevent both the overly broad use of [confidentiality] orders and the unnecessary denial of confidentiality for information that deserves it . . . ." *Id.* at 789.

4

**B.     The Court Should Grant The Parties' Joint Motion For Leave To File The Petition For Approval Of Settlement Under Seal Given That This Action Involves Private Litigants, Including The Interests Of A Minor Beneficiary, And Does Not Concern A Matter Of Broader Public Interest.**

In this case, the Parties do not seek to conceal the existence of their settlement or the manner of distribution of the settlement proceeds. Rather, the Parties jointly move to file the Petition for Approval of Settlement Under Seal solely to maintain as confidential the amount of the settlement payment, as required by the terms of their Confidential Settlement Agreement and Release. The Parties are private litigants and the amount of the settlement payment is not an issue that is important to the public. Disclosure of the settlement amount would, however, be detrimental to the ongoing business of Marsh, given that the claims against it in this action arise from the alleged failure to visit or inspect all locations of East Penn's Lyons Complex, which could give rise to future lawsuits with unlimited exposure. Further, Marsh continues to perform risk consulting services, and the disclosure of the settlement amount would have a chilling effect against compromise of claims. Compelling the disclosure of the settlement amount would also be detrimental to the privacy rights of G.E., as a minor child who will receive proceeds from the settlement payment. This Court has held that the settlement sum in actions involving a minor child may be protected from public disclosure. *See, e.g.*, *Lee v. Victoria's Secret, LLC*, 2012 WL 628015, Civil Action No. 10-3662, at *1 n.2 (E.D. Pa. Feb. 27, 2012) ("The Court will not disclose the exact terms of the settlement [between the defendant and the minor plaintiff] as the Petition and its supporting documents were filed under seal due to a confidentiality clause in the settlement itself.")

Amicable settlement of civil cases is a desirable goal, and permitting parties to do so confidentially during the pendency of litigation without harming the parties' interests requires the ability to keep settlements amounts confidential. *Leap Sys., Inc. v. Moneytrax, Inc.,* 638 F.3d 216,

222-223 (3d Cir. 2011) (holding that district court did not abuse its discretion in finding the public's interest in disclosure of settlement agreements was "minimal" where "[t]he parties are private entities, their dispute has no impact on the safety and health of the public, and their settlement agreements demonstrate a clear intent to maintain confidentiality"); *see also In re Estate of DuPont,* 2 A.3d 516, 519 (Pa. 2010) (acknowledging that the common-law right of access to judicial proceedings and records "is not absolute, as the public may, in the trial court's discretion, be excluded from such proceedings or records to protect public or private interests."). Accordingly, the Parties respectfully request that the Court grant the Parties' Joint Motion for Leave to File the Petition for Approval of Settlement under Seal, with a redacted copy of the Petition on the Court's public docket, redacting only the amount of the settlement payment.

## V. CONCLUSION

For the reasons stated above, the Court should enter an order, substantially in the form appended hereto, granting the Parties' Joint Motion for Leave to File Petition for Approval of Settlement Under Seal.

| **ANAPOL WEISS** | **GOLDBERG SEGALLA LLP** |
|---|---|
| */s/* Sol H. Weiss | */s/* Michael P. Luongo |
| Sol H. Weiss, Esq. (PA ID No. 15925) | Michael P. Luongo, Esq. (PA I.D. No. 311948) |
| Gabrielle I. Weiss, Esq. (PA ID No. 325890) | Robert M. Hanlon, Esq. (PA I.D. No. 207899) |
| One Logan Square | Joseph Ross, Esq. (PA I.D. No. 318039) |
| 130 N. 18th Street, Suite 1600 | 1700 Market Street, Suite 1418 |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |
| T: 215.735.1130 | T: 267.519.6852 |
| sweiss@anapolweiss.com | F: 267.519.6801 |
| gweiss@anapolweiss.com | mluongo@goldbergsegalla.com |
| | rhanlonjr@goldbergsegalla.com |
| *Attorneys for Plaintiff* | jross@goldbergsegalla.com |
| | *Attorneys for Defendant Marsh USA, LLC* |

Dated: June 12, 2024