UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA EVANOFF, *as Administrator of the Estate of John Evanoff, Deceased*, <br> Plaintiff, <br><br> v. <br><br> MARSH USA, LLC, <br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | 5:23-cv-3417 |

**O R D E R**

**AND NOW**, this 20th day of June, 2024, upon consideration of the parties' joint Motion to Seal Petition for Approval of Settlement, ECF No. 58, it is hereby **ORDERED**:

1. The Motion is **DENIED in part and GRANTED in part, as follows**:

    A. The parties' request to seal the personally identifying information of the minor beneficiary to the settlement agreement is **GRANTED**; and

    B. The parties' request to seal the amount of the settlement payment is **DENIED**.[1]

---

[1] There is a strong presumption in favor of allowing almost all documents created in civil proceedings to remain accessible to the public. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011). "In order to override the common law right of access, the party seeking . . . the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" to show good cause to seal a judicial record. *See In re Cendant Corp.*, 260 F.3d at 194
  Here, the parties have failed to articulate a good cause justification for sealing the settlement amount in this case. The parties primarily argue that because this is a private matter between private litigants, there is no public interest in the settlement amount at issue. Additionally, the parties argue that disclosure of the settlement amount will negatively impact Defendant's business, give rise to future lawsuits against Defendant, or have a "chilling effect against compromise of claims." Mot. at 5. However, the parties do not seek to seal the entire existence of the settlement agreement or any of its terms, only the settlement amount. The Court

2. The parties are directed to file a new partially redacted Petition for Approval in compliance with this Order **on or before June 28, 2024.**

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

fails to see how sealing the settlement figure will prevent this broad and speculative harm. Therefore, because the parties have failed to articulate a clearly defined and serious injury that will result if this portion of the Petition is unsealed, the presumption in favor of accessibility has not been overcome, and the Motion is denied.